Mark GREEN, Plaintiff,

v.

**DEPARTMENT OF COMMERCE,
Defendant.**

Civ. A. No. 77–0363.

United States District Court,
District of Columbia.

May 21, 1980.

See also, D.C.Cir., 618 F.2d 836; D.C., 468 F.Supp. 691.

David C. Vladeck, Washington, D. C., for plaintiff.

Charles F. C. Ruff, U. S. Atty., Royce C. Lamberth and Dennis A. Dutterer, Asst. U. S. Attys., Washington, D. C., for defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

This case is before the Court on cross-motions for the entry of final judgment. Plaintiff has brought suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(3), seeking disclosure of approximately 62,000 reports concerning boycott requests. The Court, in its findings of fact and conclusions of law issued March 30, 1979, found that the defendant Department of Commerce had failed to make the requisite showing of "confidentiality" under 5 U.S.C. § 552(b)(4) for *all* of the documents. *Green v. Department of Commerce*, 468 F.Supp. 691 (D.D.C.1979). Defendant appealed this finding and the circuit court dismissed that appeal for want of a final judgment to review. *Green v. Department of Commerce*, 618 F.2d 836 (D.C. Cir. 1980). Both parties now seek such a judgment. The Court holds that final judgment must be entered for plaintiff, but it declines to enter such a judgment at this juncture. In addition, the Court has decided to modify the notice requirements imposed by its order of March 30, 1979. Moreover, because defendant has re-argued the case it presented at trial, the Court shall provide further explanation for the factual findings and legal conclusions reached in its opinion of March 30, 1979, 468 F.Supp. 691.

I. RECENT LEGISLATION DOES NOT REQUIRE JUDGMENT TO BE ENTERED FOR DEFENDANT.

The Court rejects defendant's assertion that the Export Administration Act of 1979, § 12(c)(1), Pub.L.No. 96–72, 93 Stat. 530 (codified at 50 U.S.C.App. § 2411(c)(1)), compels entry of judgment in its favor. Because this piece of legislation was not enacted until September 28, 1979—six months after the Court's opinion—its impact upon the case has yet to be addressed. After reviewing the new law, the Court is persuaded that it has no relevance.

First, plaintiff's FOIA request is clearly exempted from the scope of the new statute. Section 12(c)(1) of the Export Administration Act of 1979 provides:

(c) CONFIDENTIALITY.—(1) Except as otherwise provided by the third sentence of section 8(b)(2) and by section 11(c)(3)(C) of this Act, information obtained under this Act on or before June 30, 1980, which is deemed confidential, including Shippers' Export Declarations, or with reference to which a request for confidential treatment is made by the person furnishing such information, shall be exempt from disclosure under section 552 of title 5, United States Code, and such information shall not be published or disclosed unless the Secretary determines that the withholding thereof is contrary to the national interest. Information obtained under this Act after June 30, 1980, may be withheld only to the extent permitted by statute, except that information obtained for the purpose of consideration of, or concerning, license applications under this Act shall be withheld from public disclosure unless the release of such information is determined by the Secretary to be in the national interest. Enactment of this subsection shall not affect any judicial proceeding commenced under section 552 of title 5, United States Code, to obtain access to boycott reports submitted prior to October 31, 1976, which was pending on May 15, 1979; but such proceeding shall be continued as if this Act had not been enacted.

Pub.L.No. 96–72, § 12(c)(1), 93 Stat. 530 (codified at 50 U.S.C.App. § 2411(c)(1)). The final sentence of this provision creates an exemption for suits under the FOIA which possess two criteria: 1) they must request reports submitted prior to October 31, 1976 and 2) they must have been pending as of May 15, 1979. Plaintiff here satisfies both requirements. His request under the FOIA is currently limited to boycott reports which were filed between January 1, 1965 and October 7, 1976[1] and his suit has been pending since March 3, 1977.

Thus, the Court concludes that this recently enacted exemption does not apply to plaintiff's case.

Second, section 12(c)(1) of the new Act is plainly designed to fall within the scope of 5 U.S.C. § 552(b)(3), a FOIA exemption for agency records "specifically exempted from disclosure by statute . . . ." The Court's original conclusions of law stated that defendant was not entitled to the protection of section 552(b)(3), 468 F.Supp. at 695; this holding was later affirmed summarily by the court of appeals. C.A. No. 79–1509 (D.C. Cir. July 16, 1979); see C.A. No. 79–1509, 618 F.2d at 838 n.8 (D.C. Cir. 1980). Thus, section 552(b)(3) is no longer at issue in this suit. Because the Court has not been presented with any basis for vacating its holding, now affirmed on appeal, it declines to accept defendant's argument that section 552(b)(3) must be re-examined and applied.

In light of the foregoing, the Court holds that section 12(c)(1) of the Export Administration Act of 1979, Pub.L.No. 96–72, 93 Stat. 530 (codified at 50 U.S.C.App. § 2411(c)(1)) does not provide a basis for awarding judgment to defendant.

## II. THE EVIDENCE AT TRIAL DOES NOT SUPPORT ENTRY OF JUDGMENT FOR DEFENDANT.

The Court also declines to accept defendant's suggestion that the evidence offered at trial more than a year ago requires a judgment in its favor. In addressing defendant's contentions, the Court shall clarify its earlier findings.

This suit involves more than 62,000 boycott reports and it illustrates many of the difficulties which arise when the FOIA is applied to a large number of documents. After trial, the Court concluded that a *small* number of the requested documents might be confidential commercial information, as defined in *National Parks and Conservation Association v. Kleppe,* 547 F.2d 673, 677–78 (D.C. Cir. 1976). Yet, it found that *most* of the material was simply not

---

1. Originally plaintiff also sought reports filed between October 7 and October 15, 1976, but due to a compromise between the parties, these reports are no longer a subject of litigation.

confidential. This finding rested primarily on the testimony of the numerous expert witnesses who testified regarding both the contents of these reports and the types of commercial data which may be deemed "confidential." It was also based on the results of a test sample, taken from reports filed between October 7 and 15, 1976.

■ Defendant asserts that because *some* of the 62,000 reports contain confidential information, all reports may be withheld. The Court, however, cannot accept defendant's construction of the FOIA. It holds, instead, that, under the Act, severable, non-exempt material must be disclosed.

■ Defendant also reasserts its claim that disclosure .of the boycott requests would impair the government's ability to obtain necessary information in the future. Again, the Court is unpersuaded. First, because the Court has found that most of the records do not contain confidential business data, it finds further that their release is not likely to intimidate exporters into non-compliance. Second, defendant originally assured boycott report submitters that their reports would not be disclosed; breach of this "promise" of confidentiality is not a sufficient basis for holding that future report gathering will be impaired. Defendant's argument on this point amounts to simple bootstrapping. In essence, it claims that an unwarranted, albeit good faith, assurance of confidentiality may serve as the basis for a finding that the assurance must be honored, lest the ability of the government to gather future information be impaired. To accept defendant's contention, would create a gap in the FOIA large enough to eviscerate the Act: what submission could not be accompanied by "assurances" of confidentiality and thereby, be asserted to fall within the scope of 5 U.S.C. § 552(b)(4)? Thus, the Court concluded that defendant's mere promise of confidentiality could not serve as the sole basis for withholding documents under 5 U.S.C. § 552(b)(4). Finally, the Court notes defendant's evidence on this point was vague and conclusory and, as a result, the Court's findings of March 30, 1979, rejected all of

defendant's factual assertions concerning the impairment of its ability to gather future boycott reports. 468 F.Supp. at 694.

In light of the foregoing, the Court declines to modify it findings of fact and conclusions of law of March 30, 1979, 468 F.Supp. 691.

## III. THE COURT'S NOTICE REQUIREMENT MUST BE MODIFIED.

■ Although the Court has decided to stand by its decision to award judgment to plaintiff, the Court believes that its original order must be modified in light of intervening precedent.

Specifically, the Court concludes that the notice requirement imposed in its original order should be modified. The Court's order of March 30, 1979, required defendant to notify all submitters of the potential disclosure of their boycott reports. This notice was designed to give these individuals an opportunity to object and, perhaps, prevent disclosure. Plaintiff had earlier indicated an intent not to dispute serious claims of confidentiality made by individual submitters. This notice procedure, however, would appear to grant FOIA plaintiffs a mechanism by which the Act could be used to *impede* disclosure. Yet, in *Chrysler Corp. v. Brown*, 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979), the Supreme Court ruled that the FOIA could not be used by private plaintiffs to bar government release of exempted documents. The Court concluded that the FOIA exemptions could not be used to enjoin agency disclosure; thus, the government, if it chose, could release exempted records, unless such release was barred by some other statute. In light of *Chrysler*, the Court concludes that the question of pre-disclosure notice must be left entirely to defendant's discretion. The Court will permit notice, if defendant so desires, but it will compel neither the notice itself nor its form. Thus, although the Court believes that defendant's proposed notice is completely inaccurate, this matter is one which defendant must resolve. The Court, of course, shall not be bound by defendant's representations. Of course, if

defendant elects to forego notice, the documents must be disclosed promptly. The Court's original notice requirement was designed to protect both the defendant's interests and the interests of the submitters, but the FOIA apparently places both matters in the hands of defendant.

Defendant, however, is not entitled to employ the notice to delay unduly plaintiff's access to the requested documents. To prevent such delay, the Court shall establish the following procedural deadlines. Defendant shall inform the Court of its decision on the matter of notice within ten days of the date of the order accompanying this opinion; notice, if any, shall issue within fifteen days of the date of the order. Submitters who oppose disclosure must object within thirty days of the issuance of notice. In addition, if defendant elects to issue notice, the parties shall be ordered to confer within fifty-five days of the date of this order and, further, within ten days of that conference to submit a joint stipulation regarding the boycott reports specifying: a) the boycott reports no longer sought by plaintiff and b)the boycott reports claimed exempt by individual submitters and still sought by plaintiff. In the event that defendant elects to forego notice, defendant shall produce the requested documents within thirty days.

IV. FINAL JUDGMENT SHALL BE ISSUED IN PLAINTIFF'S FAVOR AFTER THE DOCUMENTS WHICH ARE CONFIDENTIAL HAVE BEEN SPECIFIED.

After defendant has filed the report to the Court required by the first deadline, the Court shall issue a further order setting forth the timetables herein listed, but referring solely to the course of action chosen by defendant—i. e., notice or direct release. If defendant elects to issue notice, the Court shall enter judgment in plaintiff's favor once all questions of confidentiality have been resolved. In other words, after all of the boycott reports which must be disclosed have been identified, the Court shall issue a judgment in favor of plaintiff. Of course,

if defendant elects to forego notice, the Court shall promptly enter judgment in favor of plaintiff.

An order in accordance with the foregoing shall be issued even date herewith.