**DISTRICT OF COLUMBIA, Appellant,**

v.

**The TRUSTEES OF AMHERST COLLEGE, Appellees.**

No. 85–767.

District of Columbia Court of Appeals.
Nov. 7, 1985.

J. Hampton Baumgartner, Jr., Stanley J. Fineman, Charles A. Camalier, III, and Nancy Gruenberg Fax, Washington, D.C., were on appellees' motion to dismiss.

Inez Smith Reid, Corporation Counsel, John H. Suda, Principal Deputy Corp. Counsel, James R. Murphy, Charles L. Reischel, Deputy Corporation Counsels, Richard L. Aguglia, and Richard G. Amato, Asst. Corp. Counsels, Washington, D.C., were on the opposition to the motion to dismiss.

Before NEBEKER, FERREN and TERRY, Associate Judges, in chambers.

NEBEKER, Associate Judge:

Appellant seeks to appeal from a decision granting appellees a tax exemption for certain purchased property and a refund of taxes paid. Appellees move to dismiss the appeal as untimely. To decide this motion,

we must decide whether the appealable order is that dated April 19, 1985, which granted the tax exemption and the refund, or that dated May 3, 1985, which set the amount of the refund. We hold that because an order stating the sanction or quantum of relief is the order with the requisite finality, the second order setting the amount of the refund is the appealable order. Appellant's appeal is thus timely. Appellees' motion to dismiss appeal is denied with prejudice.

## I.

The appellees, the Trustees of Amherst College ("Trustees"), are the owners and operators of the Folger Shakespeare Library. The Trustees bought several pieces of real property for the Folger and filed an action in the Superior Court, Tax Division, seeking a tax exemption for this property. Appellant, the District of Columbia ("the District"), opposed the tax-exempt status.

On April 18, 1985, the trial judge granted the Trustees' motion for summary judgment and awarded the property tax-exempt status. At the same time, the trial judge found that the Trustees were entitled to a refund of taxes paid on the property. The trial judge ordered the Trustees to submit within ten days of the signing of the order a Proposed Order setting forth the amount of the refund. This order was filed on April 19, 1985.

The Trustees submitted a Proposed Order, having calculated the amount of the refund due from their records. The District did not object to this Proposed Order. The trial judge then signed another order, "[i]n furtherance of the Opinion and Order rendered by this Court on April 18, 1985,"

setting the dollar amount of the refund. This second order was filed on May 3, 1985.

On June 3, 1985, the District filed a notice of appeal. The Trustees now move to dismiss the appeal as untimely. They argue that the final, appealable order was the April 19, 1985 order granting the refund, not the May 3, 1985 order setting the dollar figure of the refund. Thus, they claim, the thirty-day time limit for filing an appeal started on April 24, 1985 (five days after the April 19th order was entered in the civil docket by the clerk)[1] and expired on May 24, 1985. The District opposes the motion to dismiss, claiming that the May 3, 1985 order is the final, appealable order, making the June 3, 1985 notice of appeal timely.[2]

## II

This court has jurisdiction to review "all final orders and judgments of the Superior Court of the District of Columbia." D.C.Code § 11–721(a)(1) (1981). The general rule for determining which order of the trial court is final and appealable is "that the order stating the sanction, quantum of relief, or the like is the one with the requisite finality." *Trilon Plaza Co. v. Allstate Leasing Corp.*, 399 A.2d 34, 36 (D.C.1979). *See generally* 9 Moore's Federal Practice § 110.08[1] at 113 (2d ed. 1981). In setting the dollar amount of the refund, the May 3 order is the order stating the quantum of relief to the Trustees in this case. Application of this general rule thus compels this court to conclude that the May 3 order is the final appealable order.

The Trustees argue, however, that the May 3 order was "purely a ministerial act" in carrying out the April 19 order and that therefore, the final order was the April 19 order. In support of their argument, the

---

1. Under D.C.App.R. 4(a)(3), when an order is entered out of the presence of the parties and counsel, such order shall not be considered as entered for purposes of calculating the time for filing an appeal until the fifth day after the Clerk of the Court has made an entry on the docket.

2. Under D.C.App.R. 4(a)(1), a notice of appeal must be filed "within thirty days after entry of the judgment or order from which the appeal is taken...." In this case that would mean that the filing deadline was June 2, the thirtieth day after May 3. However, since June 2 was a Sunday, the deadline was automatically extended to the next business day, which was Monday, June 3. *See* D.C.App.R. 26(a).

Trustees cite *Republic Natural Gas Co. v. Oklahoma,* 334 U.S. 62, 68 S.Ct. 972, 92 L.Ed. 1212 (1948). We disagree.

The Supreme Court in *Republic Natural Gas* stated that "the requirement of finality has not been met ... where liability has been determined and all that needs to be adjudicated is the amount of damages." *Republic Natural Gas Co. v. Oklahoma, supra,* 334 U.S. at 68, 68 S.Ct. at 976. Similarly, in this case, after liability was determined by the April 19th order, the issue that remained to be adjudicated was the amount of the damage to the Trustees; in other words, the refund. The mere fact that the determination of damages requires some arithmetical calculation in no way renders it a ministerial act. Indeed, in cases where this court has determined that orders or actions were ministerial acts and therefore not appealable, the orders or actions have not concerned a calculation of money damages. *See, e.g., District of Columbia v. Tschudin,* 390 A.2d 986 (D.C. 1978) (second order announcing expiration of stay of first order is ministerial, so first order is appealable); *Glenwood Cemetery v. District of Columbia Zoning Commission,* 448 A.2d 241 (D.C.1982) (publication of a zoning order is a ministerial act, so the time for filing appeal started running when the order was issued).

In addition, the statute governing refunds of taxes requires that the sum be "finally determined by the Superior Court." D.C.Code § 47–3306 (1981); *see also* Super. Ct.Tax R. 15. The necessity that an order be entered by the court prior to a refund further compels the conclusion that the May 3 order is not purely a ministerial one but instead, the final appealable order. In light of the foregoing, appellees' motion to dismiss the appeal is denied.

## III

▌ An additional issue remains to be decided. That is: does the denial of a motion to dismiss by a Motions Division bind a subsequently assigned Merits Division? There has been no authoritative decision on this point by this court, although we have had cases where a Merits Division has deemed earlier Motions Division action to have been without prejudice to reconsideration. The problem has not only arisen in denials of dismissal motions. It has been presented in denials of motions to supplement the record, motions to strike, or motions to remand for various purposes. We hold that when a Motions Division denies any of these kinds of motions, such denials shall be deemed to be without prejudice to reconsideration by a Merits Division.[3] If, however, a Motions Division denies such motions "with prejudice," the question is conclusively decided absent Motions Division rehearing or en banc rehearing of the Motions Division's decision. The court follows the practice of random selection of divisions. Motions Divisions are composed of two judges with a third judge designated to participate in case of a tie vote or in the event an opinion is written, as in this case. *See* D.C.App.Internal Operating Procedures, Part IV (1983). We will follow the practice of having all three judges participate any time a "with prejudice" decision is made. *See* D.C.Code § 11–705(b) (1981).

In light of what we have said in this case, we order that this motion to dismiss be denied with prejudice.

*So ordered.*

---

**3.** *Cf. Association of Investment Brokers v. Securities and Exchange Commission,* 219 U.S.App. D.C. 259, 676 F.2d 857 (1982) (holding that a motions panel order simply denying a motion to dismiss without saying more is without prejudice to reexamination upon full briefing and argument of the case); *see also Green v. Department of Commerce,* 199 U.S.App.D.C. 352, 355 n. 9, 618 F.2d 836, 839 n. 9 (1980); *Potomac Passengers Ass'n v. Chesapeake & Ohio Ry.,* 171 U.S.App.D.C. 359, 363 n. 22, 520 F.2d 91, 95 n. 22 (1975).