829 F.2d 39
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Karl UTH, Plaintiff-Appellant,
v.
MAPAL, INC., Defendant-Appellee.
 No. 86-1682
 United States Court of Appeals, Sixth Circuit.
 September 15, 1987.
 
 Before LIVELY, Chief Judge, KEITH, Circuit Judge, and DOWD*, District Judge.
 PER CURIAM:
 
 
 1
 Plaintiff-appellant appeals a July 15, 1986 order of the district court requiring appellant to produce documents under discovery or suffer dismissal pursuant to Fed. R. Civ. P. 37(b)(2)(c). Because appellant failed to produce the documents, a subsequent dismissal order was entered by the court on July 29, 1986, followed by entry of judgment on December 3, 1986. We DISMISS the appellant's appeal for want of jurisdiction.
 
 
 2
 Appellant filed this breach of employment contract action on August 30, 1985. Defendant-appellee responded in an answer filed October 15, 1985 and also asserted two counterclaims. Appellee then submitted a document production request and noticed the appellant's depositions. The record is clear that appellant did not produce the documents as requested. Instead, on at least six separate occasions, appellant's counsel promised to produce the documents or informed the Court and the appellee that his client was out of the country until a specified date. Appellant did not return by the dates specified by his counsel, nor were the documents produced as promised.
 
 
 3
 Appellee brought a motion to dismiss the complaint for nonproduction or, in the alternative, a motion to compel. At the hearing, the district court granted the motion to compel and gave appellant one week to produce the documents. An order was entered on the motion July 1, 1986. Appellant then moved for reconsideration of the July 1 order. In the July 15th memorandum opinion and order that is the subject of this appeal, the district court denied the motion and stated that 'plaintiff will not suffer dismissal if he complies with the long overdue document request' embodied in the July 1 order. The appellant did not comply with the request and maintains that he was unable to do so due to his extensive travels abroad.
 
 
 4
 We need not reach the merits of appellant's claim. 28 U.S.C. Sec. 1291 limits the jurisdiction of this court to final decisions of the district court. Simply stated, the order appealed from is not final. 'In the Supreme Court's language, a final decision must generally be one which ends the litigation . . . and leaves nothing for the court do do but execute the judgment.' 9 J. Moore & B. Ward, Moore's Federal Practice p110.08 (2ed. 1987) (quoting Catlin v. United States, 324 U.S. 229, 233; 65 S.Ct. 631, 634 (1945)). The language of the order appealed from makes clear that the order does not end the litigation. Rather, at the time the order was entered, the litigation would have ended only if: (1) appellant failed to comply with the document production request; (2) appellee moved for the entry of an order of dismissal; and (3) the district court granted the appellee's motion. That those events would occur was speculative at the time the order was entered. Clearly, if the appellant had produced the documents requested, the court would have had more before it than a mere execution of judgment.
 
 
 5
 As it was, the appellant did not produce the documents. The court entered an order of dismissal and the clerk later entered the judgment in favor of the appellee in accordance with the order. Perhaps the later order would be a final action within our jurisdiction. However, since the plaintiff did not file a motion to appeal from the dismissal order, it is not before us for review.
 
 
 6
 The posture of the order appealed from is analagous to the order in Green v. Department of Commerce, 618 F.2d 836 (D.C. Cir. 1980). In Green, the district court granted judgment to a plaintiff subject to exceptions arising from objections submitted by the defendant. As Judge Skelly Wright pointed out, any number of 'hypothetical questions' could have arisen, depending entirely on action taken by the defendant. 618 F.2d at 839. Therefore, the order was not final. Here, the direction of the case--dismissal or further discovery--depended entirely on the action (or inaction) of the plaintiff. Since in either event further activity by the court would be (and was) necessary, the order was not final and jurisdiction is defeated. Even if this were not so, our jurisdiction is still prevented by the lack of a dispositive ruling on the defendant's two counterclaims. In the absence of a ruling or a certification under Fed. R. Civ. P. 54(b), we cannot review the order with the two counterclaims unresolved. See A.O. Smith Corp. v. Sims Consolidated Limited, 647 F.2d 118, 120-21 (10th Cir. 1981).
 
 
 7
 We therefore DISMISS appellant's appeal for lack of jurisdiction and recommend that counsel for both parties be more mindful of this Court's jurisdictional prerequisites before litigating an appeal.
 
 
 
 *
 Honorable David Dowd, Jr., United States District Court for the Northern District of Ohio, sitting by designation