767 F.2d 920
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LYNN JOHNSTON, PLAINTIFF-APPELLANT,
v.
CITY OF ANN ARBOR; CITY OF ANN ARBOR POLICE DEPARTMENT;
BREWER'S TOWING SERVICE; S.J. ELDEN; P.B.V.
THOMASSEN; AND GEORGE ALEXANDER,
DEFENDANTS-APPELLEES.
 NO. 84-1699
 United States Court of Appeals, Sixth Circuit.
 6/10/85
 
 E.D.Mich.
 AFFIRMED
 ORDER
 BEFORE: MERRITT and WELLFORD, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 Johnston appeals pro se from the district court's judgment in favor of the defendants in this civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Johnston is a resident of the city of Ann Arbor, Michigan. She sued the city, the police department, Brewer's Towing Service, and three state court judges. Her complaint alleges that she was the bailee of a motor vehicle which was impounded by the police because the owner had failed to pay numerous parking tickets. Johnston alleged that the towing of the vehicle without a prior hearing violated her due process rights. She also argued that the state court judges were biased because they received the proceeds from the parking tickets as part of their compensation.
 
 
 3
 The district court held that no hearing was required prior to the towing of the vehicle. The federal circuit courts that have considered this issue agree with the district court. Sutton v. City of Milwaukee, 672 F.2d 644, 646 (7th Cir. 1982); Cokinos v. District of Columbia, 728 F.2d 502, 503 (D.C. Cir. 1983); Breath v. Cronvich, 729 F.2d 1006, 1010-11 (5th Cir.), cert. denied, ---- U. S. ----, 105 S. Ct. 332 (1984); Goichman v. Rheuban Motors, Inc., 682 F.2d 1320, 1324 (9th Cir. 1982). The city of Ann Arbor ordinances provide for a prompt hearing after the vehicle has been towed. So the district court was correct to conclude that there was no due process violation here.
 
 
 4
 The district court also held that the facts of this case regarding the compensation of the state court judges distinguish this case from Ward v. Village of Monroeville, 409 U.S. 57 (1972). We agree with the district court's conclusion. We also note that because Johnston was not the party liable for the parking tickets, she was not directly injured by any action of the judges and therefore may lack standing to raise this issue. Village of Arlington Heights v. Metropolitan Housing Development Corporation, 429 U.S. 252, 261 (1977).
 
 
 5
 The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.