George A. COKINOS, Appellant,

v.

DISTRICT OF COLUMBIA, et al.

No. 82–2320.

United States Court of Appeals,
District of Columbia Circuit.

Submitted May 26, 1983.

Decided June 1, 1983.

Peter Ayers Wimbrow, III, Ocean City, Md., was on the brief, for appellant.

Judith W. Rogers, Corp. Counsel, Washington, D.C., with whom Charles L. Reischel, Deputy Corp. Counsel, Leo N. Gorman, and E. Huntington Deming, Asst. Corp. Counsels, Washington, D.C., were on the brief, for appellee.

Before TAMM and GINSBURG, Circuit Judges, and BAZELON, Senior Circuit Judge.

Opinion PER CURIAM.

PER CURIAM:

Appellant Cokinos challenges the constitutionality of a traffic regulation, promulgated by the District of Columbia Department of Transportation, which allows the Department to tow illegally parked vehicles from the city's streets to a central lot. On September 4, 1980, Cokinos' car was ticketed for illegal parking and subsequently towed to a central lot. Cokinos retrieved his car, on the same day, after paying the $10 parking fine and the $50 towing charge. He now contends that the procedures by which the District of Columbia tows and impounds automobiles violate the due process clause of the fifth amendment.

Cokinos argues, principally, three points: (1) in a non-emergency situation like the one his case presented, the District of Columbia must provide notice and an opportunity for hearing *before* towing a car; (2) the District of Columbia provides inadequate opportunities for a hearing *after* the car has been towed; and (3) regardless of the adequacy of the post-towing hearing, Cokinos, in fact, was never informed of his right to a hearing to challenge the validity of the tow.

As for the right to notice and hearing *before* towing in a non-emergency situation, we follow the Seventh Circuit's thorough analysis of this identical issue and conclude there is no right to pre-towing notice and hearing. *See Sutton v. City of Milwaukee,* 672 F.2d 644 (7th Cir.1982). On

the adequacy of the post-towing hearing, we note the uncontradicted affidavit of the Chief Hearing Examiner of the Department of Transportation which states that a hearing on the underlying traffic violation is available on demand during normal working hours. Thus Cokinos could have had a hearing within sixteen hours from the time his car was towed. Such a time lapse is well within the 48-hour delay found reasonable by the Ninth Circuit in *Goichman v. Rheuban Motors, Inc.,* 682 F.2d 1320 (9th Cir.1982). We adhere to the view, stated and explained by the Ninth Circuit, that due process does not require a more immediate hearing.

Finally, Cokinos concedes, as he must because it is printed on the back of the parking ticket, that a hearing is available to challenge the underlying traffic violation. The regulation allows towing of illegally parked vehicles; the validity of the tow, therefore, is dependent on the validity of the determination that the car in question was found parked in violation of a traffic regulation. Cokinos' assertion that he was not informed of the right to challenge the tow rings hollow; he knew he could challenge the parking violation and thus had all the information he needed to challenge the legality of the tow as well.

For the foregoing reasons, we affirm the district court's September 30, 1982, order granting and entering summary judgment in favor of all defendants.