**J. George FRAIN, et al., Appellants,**

v.

**DISTRICT OF COLUMBIA, et al., Appellees.**

No. 87–677.

District of Columbia Court of Appeals.

Argued Feb. 21, 1990.
Decided March 30, 1990.

Elaine Mittleman, Falls Church, Va., for appellants.

Edward E. Schwab, Asst. Corp. Counsel, with whom Herbert O. Reid, Sr., Acting Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellees.

Before ROGERS, Chief Judge, and TERRY and SCHWELB, Associate Judges.

SCHWELB, Associate Judge:

Appellants are residents of the Adams–Morgan area of northwest Washington. In 1986, claiming that existing parking facilities in their neighborhood were inadequate as a result of various alleged acts and omissions by the executive and legislative branches of the District of Columbia government, they brought this action in the Superior Court against the District and certain of its officials seeking declaratory and injunctive relief. They requested, among other things, that the Mayor be ordered to implement the Neighborhood Off–Street Parking Act, D.C.Code §§ 40–803 et seq. (1986 Repl.), which authorizes but does not require the Mayor to acquire land for off-

street parking; that the District be compelled to expend for parking purposes at least 50% of revenues from "all parking matters"; that the court declare unconstitutional the Stable and Reliable Source of Revenue for WMATA Act, D.C.Code § 1–2466 (1987), upon the ground, among others, that users of automobiles are denied equal protection by the use of parking revenues for the Metro system; and that District officials be precluded from "booting" automobiles for non-payment of parking tickets without prior notice to the owner.[1] After some preliminary skirmishes, the trial court granted the defendants' motion for summary judgment, concluding that plaintiffs either lacked standing or were "wrong as a matter of law."

The function of the courts is to adjudicate rather than to legislate or to exercise executive responsibilities. We are impressed by the District's argument that most or all of appellants' complaints would be properly addressed to the legislative and executive branches of our government rather than to the judiciary. *See, e.g., Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Iselin v. United States,* 270 U.S. 245, 251, 46 S.Ct. 248, 250, 70 L.Ed. 566 (1926) (Brandeis, J.) ("[t]o supply omissions [in a statute] transcends the judicial function"). Appellants' standing to assert their claims is likewise questionable. *See, e.g., City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). We need not and indeed cannot decide the merits of appellants' contentions, however, because we are satisfied that this court lacks jurisdiction to entertain this appeal.

The notice of appeal in this case was filed almost five months after the trial court entered judgment against appellants, and no effective action was taken to toll the running of the 30–day period prescribed by D.C.App.R. 4(a)(1). We are unable to agree with appellants that they were lulled into inaction by any statement or act of the trial court, or that there is any basis here for invoking the "unique circumstances" exception articulated in *Thompson v. Immigration & Naturalization Service,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) *(per curiam )*, and other authorities discussed below. Accordingly, this appeal must be dismissed.[2]

I

On January 17, 1987, Judge Richard S. Salzman signed an order granting summary judgment in favor of the District and its officials. Three days later, that order was entered on the docket. On January 29, 1987, asserting that she was forced to do so by the press of other litigation, counsel for appellants filed a motion for an extension of time until March 10, 1987 to submit what she characterized only as a "motion for reconsideration." The government filed no opposition to the motion for an extension. On February 18, 1987, twenty-nine days after the docketing of the judgment in the District's favor, Judge Shellie F. Bowers entered an order granting the motion for an extension as unopposed. This order was mailed to counsel on February 19, 1987, thirty days after the entry of summary judgment.

On March 9, 1987, again citing the burden of other litigation matters, appellants' attorney filed a motion to extend until April 6, 1987 the time for filing a motion for reconsideration. The trial judge did not act on the second motion. On April 6, 1987, appellants filed the anticipated motion for reconsideration of the order granting summary judgment. They contended

1. In connection with the last claim, we note the decision of the Supreme Court of Colorado in *Patterson v. Cronin,* 650 P.2d 531, 538 (Colo. 1982), upholding the validity of a similar procedure. Colorado is, of course, the home state of the Denver boot. *Cf. Cokinos v. District of Columbia,* 234 U.S.App.D.C. 221, 728 F.2d 502 (1983) (due process not violated by towing of illegally parked cars without prior hearing).

2. During the pendency of this appeal, the District filed a motion to dismiss on the ground that the appeal was untimely filed. A motions division of this court denied the motion, which denial was without prejudice. *Kennedy v. Barry,* 516 A.2d 176, 178 n. 3 (D.C.1986); *District of Columbia v. Trustees of Amherst College,* 499 A.2d 918, 920 (D.C.1985). Accordingly, we consider the issue *de novo. Id.*

that they had standing to bring the action, that the *Cokinos* decision[3] cited by the judge was distinguishable, and that the judgment was unclear "in that it is not possible to determine which holdings apply to the various claims raised by plaintiffs."

On May 14, 1987, Judge Salzman issued an order which stated in pertinent part that

the motion to reconsider is granted and on reconsideration, the award of summary judgment to defendants is granted for the reasons stated in the initial ruling.

A notice of appeal from the May 14, 1987 order was filed on June 11, 1987.

## II

■ Our Rule 4(a)(1) provides that a notice of appeal in a civil case shall be filed within thirty days after the entry of judgment in the Superior Court. This time limit is mandatory and jurisdictional. *In re C.I.T.*, 369 A.2d 171, 172 (D.C.1977); *Valentine v. Real Estate Comm'n*, 163 A.2d 554, 556 (D.C.1960); *see also Browder v. Director, Illinois Dep't of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978). The notice of appeal in this case, as we have noted, was not filed within thirty days of the judgment.

Our Rule 4(a)(2) provides, however, that the running of the time for filing a notice of appeal is terminated as to all parties by the timely filing of any of the following motions:

[f]or judgment notwithstanding the verdict; to amend or make additional findings of fact ...; to vacate, alter or amend the order or judgment; for new trial; for reconsideration if authorized by the rules of the Superior Court; and any other motion seeking relief in the nature of the foregoing.

*See generally Coleman v. Lee Washington Hauling Co.*, 388 A.2d 44, 45 (D.C.1978).

In the motion for reconsideration which they belatedly filed in the trial court, appellants did not identify the specific Rule un-

der which they were proceeding. Although litigants often style their requests to trial judges to take a second look at their contentions as "motions for reconsideration," the Superior Court's Civil Rules make no explicit provision for such a motion. *Cf. In re Alexander*, 428 A.2d 812, 815 (D.C.1981), *cert. denied*, 454 U.S. 1149, 102 S.Ct. 1014, 71 L.Ed.2d 303 (1982). Superior Court Civil Rule 59(e), however, authorizes the filing of a motion to alter or amend a judgment and specifies that such a motion must be served within ten days after the entry of judgment. Civil Rule 60(b)(1) provides that the court may relieve a party from a final judgment on the grounds of mistake, inadvertence, surprise or excusable neglect.[4]

In *Wallace v. Warehouse Employees Union No. 730*, 482 A.2d 801, 804 (D.C. 1984), this court explained that if

the movant is requesting consideration of additional circumstances ... the motion is properly considered under Rule 60(b), but if the movant is seeking relief from the adverse consequences of the original order on the basis of error of law, the motion is properly considered under Rule 59(e). *Coleman v. Lee Washington Hauling Co.*, *supra* note 5, 388 A.2d at 46 & n. 5 (citing 9 MOORE'S FEDERAL PRACTICE, ¶ 204.12[1] at 953); *Cohen v. Holmes*, 106 A.2d 147, 148 (D.C.1954) (Rule 59(e) motion does not permit alteration of the judgment or order because of an improper factual basis).

■ In the present case, appellants' motion for reconsideration, although it was accompanied by a stack of newspaper clippings and letters to the editor bemoaning the parking situation, presented no new competent materials to the court for its consideration. *See* Super.Ct.Civ.R. 56(e) (providing that affidavits in support of or in opposition to a motion for summary judgment shall be made on personal knowledge and shall set forth such facts as

---

3. *See* n. 1, *supra*.

4. By the explicit terms of the Rule, a motion pursuant to Rule 60(b)(1) must be made within a reasonable time, not more than one year after

entry of judgment. Rule 60(b) further provides that "a motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation."

would be admissible in evidence).[5] The essence of appellants' argument was that Judge Salzman's initial decision was incorrect and that he should reconsider it. This kind of motion is properly brought pursuant to Rule 59(e), and cannot be converted into a Rule 60(b)(1) motion in order to avoid the 10–day filing requirement of Rule 59(e). *D.D. v. M.T.*, 550 A.2d 37, 42 & n. 5 (D.C. 1988). The nature of a motion is determined by the relief sought, not by its label or caption. *Wallace, supra,* 482 A.2d at 804. Accordingly, we conclude that appellants' motion for reconsideration was a motion to alter or amend the judgment pursuant to Rule 59(e).

As this court explained in *Wallace,* 482 A.2d at 803 n. 5,

> [a] timely motion filed pursuant to Rule 59 tolls the time for appeal of the underlying judgment, *Coleman v. Lee Washington Hauling Co.,* 388 A.2d 44, 47 (D.C.1978); a motion under Rule 60(b) does not, *Smith v. Canada,* 305 A.2d 521, 522 (D.C.1973).

We must therefore determine whether the motion was timely and, if not, whether equitable considerations require us to treat it as though it were.

### III

■ As we have noted above, Rule 59(e) requires that a motion to alter or amend be filed within ten days of the entry of judgment. Superior Court Civil Rule 6(b) provides that the court may not extend the time for taking any action under certain enumerated Rules, specifically including Rule 59(e), "except to the extent and under the conditions stated in them." Rule 59(e)

contains no such exception. Accordingly, the 10–day period specified in Rule 59(e) cannot be extended.

Appellants' motion for reconsideration was filed 76 days after the entry of judgment. A literal reading of Rule 6(b) compels the conclusion that this was 66 days after the time to file such a motion had expired. This court's Rule 4(a)(2) provides that only the *timely* filing of a motion to alter or amend will toll the running of the jurisdictional 30–day period for filing of a notice of appeal. Accordingly, absent some controlling equitable consideration, the appeal from the order entering summary judgment was filed far too late.[6]

### IV

■ Appellants, however, ask us to relieve them of the consequences of their untimely filing by invoking the "unique circumstances" or "lulling" doctrine. In *In re Alexander, supra,* 428 A.2d at 815 n. 3, this court articulated that doctrine as follows:

> [In] limited circumstances, when a party fails to file a timely notice of appeal in reliance on a statement or action of the trial court indicating that the party has timely filed a postjudgment motion that tolls the appeal period, that motion, although in fact untimely, does stop the running of that period. *See Wolfsohn v. Hankin,* 376 U.S. 203 [84 S.Ct. 699, 11 L.Ed.2d 636] (1964) (*per curiam*), *reversing* 116 U.S.App.D.C. 127, 321 F.2d 393 (1963) (*per curiam*); *Thompson v. Immigration & Naturalization Service,* 375 U.S. 384, 386, 84 S.Ct. 397, 398, 11

5. Throughout this case, counsel for appellants has inundated this court and the trial court with news articles, letters, oral recitations as to representations which she made to various agencies or officials, and other plainly inadmissible materials. Many of the items on which counsel claims to rely on appeal are not a part of the appellate record, and several refer to events which occurred well after disposition of the case by the trial court. Immediately preceding oral argument, counsel submitted a resolution of the Americans for Democratic Action, a private political organization, which suported her appeal. Judicial decisions must, of course, be based on the facts of record and on the applica-

ble law, and not on political exhortations or lobbying.

6. Appellants claim that they filed a timely appeal from Judge Salzman's order of May 14, 1987 denying them reconsideration of his earlier order. At least where a motion for reconsideration is untimely, however, the denial of such a motion is not an appealable order. *Coleman, supra,* 388 A.2d at 45; *901 Corporation v. A. Sandler Co.,* 254 A.2d 411, 412 (D.C.1969); *DeLevay v. Marvins Credit, Inc.,* 127 A.2d 554 (D.C. 1956) (*per curiam*); *cf. Wallace, supra,* 482 A.2d at 810 n. 26.

L.Ed.2d 404 (1964) (*per curiam*). *See generally* 9 MOORE'S FEDERAL PRACTICE § 204.12[2] (2d ed. 1980).

More recently, we stated in *Robinson v. Evans*, 554 A.2d 332, 335 (D.C.1989) that [w]hen the appellant has been affirmatively misled into delaying the filing of a notice of appeal by some action or conduct of the trial court, the appeal will be allowed if the notice of appeal is timely filed after the misleading action has been corrected.

As reflected by its name, the "unique circumstances" principle, first enunciated by the Supreme Court in *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962) (*per curiam*), was designed to create a very narrow equitable exception to the rigorous time requirements applicable to the filing of a notice of appeal. *See Robinson, supra*, 554 A.2d at 335. The Court stated in *Harris* that a party who relied upon a trial judge's finding of excusable neglect prior to the expiration of the 30–day period, and then suffered appellate reversal of that finding when it was too late to file the notice of appeal, would be subjected to "great hardship" if the time for filing were not tolled. *Id.* at 217, 83 S.Ct. at 285. Accordingly, the Court authorized tolling under those limited circumstances. *Id.* In *Thompson*, in which counsel for appellant had deferred filing his notice of appeal because the district judge had explicitly stated that his untimely motion for a new trial, made twelve days after the entry of judgment, had been filed in "ample time," a bare 5:4 majority of the Court found the *Harris* principle applicable. *See also Aviation Enterprises, Inc. v. Orr*, 230 U.S.App.D.C. 285, 288, 716 F.2d 1403, 1406 (1983) (appellant relied on apparent extension of time for appeal after trial judge issued superseding order). In these cases, there was some affirmative step by the trial court, beyond mere passivity or acquiescence, which misled the appellant into deferring his appeal.

For the unique circumstances doctrine to apply, the movant's reliance on the trial court's erroneous action or statement must be reasonable. *Marane, Inc. v. McDonald's Corp.*, 755 F.2d 106, 111 n. 2 (7th Cir.1985); *Butler v. Coral Volkswagen, Inc.*, 804 F.2d 612, 617 (11th Cir.1986); *see also* 4A C. A. WRIGHT & A.R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1168 at 499, 506 & n. 18 (1987 & 1989 Supp.). As the court aptly stated in *Marane, supra*, 755 F.2d at 111,

we [do not] believe any member of the bar should be able to plead unfamiliarity with the Federal Rules of Civil Procedure in excuse for his or her tardiness.

*See also Wallace, supra*, 482 A.2d at 804–05 and authorities cited at n. 10 (counsel charged with knowing court rules). Accordingly, we have expressed our reluctance to apply the doctrine in the absence of some *affirmative* action or statement by the trial judge which could mislead the movant into believing that he has more time, *Robinson, supra*, 554 A.2d at 335 n. 10, and we question whether the court's mere acquiescence in a request by the movant would be sufficient.

Although some courts have held that the erroneous granting of an unopposed motion for extension of time, without more, may generate "reasonable" reliance and warrant relief under the "unique circumstances" principle,[7] it is not apparent to us that such reliance can fairly be characterized as reasonable. As two distinguished commentators have observed in relation to this broad view of reasonableness,

it is somewhat anomalous that although simple inadvertence, ignorance of the rules, or unfamiliarity with them usually will not constitute "excusable neglect" for purposes of Rule 6(b)(2), a misconception of the express time provisions in Rules 6(b), 59, and former Rule 73(a) does not bar a party from invoking the principle of unique circumstances.

4A WRIGHT & MILLER, *supra*, § 1168 at 507 (footnotes omitted). Indeed, in a situation

---

7. *See, e.g., Stauber v. Kieser*, 810 F.2d 1 (10th Cir.1982) ("by granting an extension and then accepting the Rule 59(e) motion, the district court led plaintiffs to believe that those actions were properly done").

like the present one, in which the appellants filed a motion for an extension which the judge granted as unopposed, it could fairly be said that, as between appellants and the judge, it was the former and not the latter who did the lulling. Appellants are, if anything, the lullors rather than the lullees.

In any event, any contention that appellants were here lulled into inaction by the words or deeds of a judge is foreclosed by the calendar. Actual reliance by the appellant on an erroneous statement or action by the trial judge is a prerequisite for the applicability of the unique circumstances doctrine. *Needham v. White Laboratories*, 454 U.S. 927, 931, 102 S.Ct. 427, 429, 70 L.Ed.2d 237 (1981) (Rehnquist, J., dissenting from denial of *certiorari*); *Butler, supra*, 804 F.2d at 617; *Marane, supra*, 755 F.2d at 111 n. 2. Contrary to appellants' assertion that they were lulled by the action of the judge into deferring the filing of their notice of appeal, it is demonstrable that they could not have relied upon the judge's order because they had not been made aware of it before the expiration of the period for filing their notice of appeal.

Summary judgment was entered on January 20, 1987. Under the provisions of our Rule 4(a)(1), the notice of appeal had to be filed within thirty days, or no later than February 19, 1987. The only action taken by any judge prior to that date on which appellants could conceivably rely as warranting a belief that the 30–day period had been tolled was the order of Judge Bowers, which granted appellants' unopposed motion for an extension of time to file their motion for reconsideration.

Judge Bowers' order was entered on February 18, 1987. It bears a stamped notation indicating that it was mailed to counsel on February 19, 1987—the last day on which appellants could appeal from Judge Salzman's original order granting

defendants' motion for summary judgment. Since even the most cautious tribunal can surely take judicial notice of the fact that mail from courts or other agencies does not arrive on the day it is mailed, appellants' time to appeal expired before their counsel could have received notice of the action of the court on which they now claim to have reasonably relied.[8] There can therefore be no basis for invoking the unique circumstances exception.

We are mindful of, and ready to apply to the jurisprudence of this jurisdiction, the Supreme Court's admonition that "the Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). We are not dealing here, however, with an oversight in pleading. The requirement in Rule 4(a)(1) that the notice of appeal must be filed within thirty days is treated as jurisdictional in order

> to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands. Any other construction of the [Rule] would defeat its purpose.

*Browder, supra*, 434 U.S. at 264, 98 S.Ct. at 561 (quoting *Matton Steamboat Co. v. Murphy*, 319 U.S. 412, 415, 63 S.Ct. 1126, 1128, 87 L.Ed. 1483 (1943)). Appellants failed to comply with this requirement.[9]

*Appeal dismissed.*

---

**8.** We suppose that it is theoretically possible that counsel could have been ready to file a notice of appeal on February 19, 1987, that she telephoned the civil motions office to determine *whether the* motion for an extension had been granted, and that upon learning that it had, she deferred filing the notice of appeal. If these events had in fact transpired, however, then we can surely assume that they would have been brought to the attention of the court in connection with appellants' opposition to the government's motion to dismiss the appeal.

**9.** The District asks us to hold that if appellants' motion for reconsideration is treated as one

pursuant to Rule 60(b)(1), it is untimely because, since it was filed after the time to appeal had expired, such filing has not been accomplished within a "reasonable time" as required in Rule 60(b). Because we have concluded that the motion is properly viewed as having been filed pursuant to Rule 59(e), and because the argument made on appeal by the District was never made to the trial judge, we do not address it here. *See D.D. v. M.T., supra,* 550 A.2d at 48.