Richard L. FLEMING, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 92–CV–322.

District of Columbia Court of Appeals.

Argued June 8, 1993.

Decided Nov. 29, 1993.

Richard L. Fleming, pro se.

Phillip A. Lattimore, III, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Sidney R. Bixler, Asst. Corp. Counsel, were on the brief, for appellee.

Before ROGERS, Chief Judge, SCHWELB, Associate Judge, and GALLAGHER, Senior Judge.

SCHWELB, Associate Judge:

Richard L. Fleming appeals from the trial judge's denial on February 4, 1992 of his motion for "reconsideration" of an order issued by the judge on September 19, 1991.

In the earlier order, the judge dismissed, for failure to exhaust administrative remedies, Fleming's suit for damages. The suit was based on the District's allegedly erroneous attribution to him of approximately $1500 owed in outstanding traffic tickets (rather than the $970 which Fleming at one time concededly owed). According to Fleming, the tickets wrongly attributed to him were actually chargeable to another driver with a very similar operator's permit number. Although Fleming's argument on the merits is not at all implausible, he failed to preserve his right to appeal from the judge's initial order. Assuming without deciding that the order denying the motion for reconsideration was appealable at all, the judge did not abuse her discretion in issuing it. Accordingly, we affirm.

## I.

### PROCEDURAL BACKGROUND

In his *pro se* complaint, which was filed on November 21, 1990, Fleming claimed essentially that, beginning in 1987, he made numerous attempts at the Bureau of Traffic Adjudication and the Bureau of Motor Vehicle Services to have the other driver's tickets removed from his record. He alleged that for a period of approximately three years, he was repeatedly told that he would have to have an administrative hearing, and he was shuffled from office to office and official to official. He acknowledged that finally, in 1990, the other driver's tickets were removed from his record. Fleming claimed that the negligent acts of the District's officials led to the suspension of his operator's permit and forced him "to take jobs in public transportation routes, causing a disruption in his family life," as well as a loss in income. He prayed for damages in the amount of $25,000.

The District filed a motion to dismiss the complaint on various grounds. In a written order docketed on September 25, 1991, the motions judge dismissed the complaint because

> [p]laintiff has failed to exhaust his administrative remedies. An individual charged with a traffic infraction may request an administrative hearing before a hearing examiner. If aggrieved by the decision of the examiner, the individual may then appeal to the appeals board within fifteen (15) days of the decision. The appeals board's decision can then be appealed to Superior Court within 30 days. D.C.Code §§ 40–631–645 (1981 ed.). Plaintiff did not follow the proper administrative procedure, in that he did not appeal the hearing examiner's decision to the appeals board within fifteen (15) days of the examiner's decision. Thus, he has waived his right to judicial action.

On October 21, 1990, more than ten days after the entry of the order dismissing his complaint, Fleming filed a *pro se* motion for reconsideration. He did not specify the District of Columbia Rule of Civil Procedure under which he was proceeding. In his motion, he made no significant new factual allegations,[1] but argued in effect that the judge had misapprehended his complaint and that she had ruled incorrectly, presumably as a matter of law. In a brief written order signed on February 4, 1992, the motions judge denied the motion for reconsideration. On March 16, 1992, Fleming filed a notice of appeal, designating as the subject of his appeal the order of February 4, 1992 "denying plaintiff's motion for reconsideration dismissing the case."[2]

## II.

### LEGAL DISCUSSION

#### A.  *General Considerations.*

Fleming's substantive contentions may well strike a responsive chord in the hearts and minds of some readers.[3] His suit was

---

1.  Fleming did allege for the first time that he had paid his outstanding Virginia tickets, but this allegation was not material to the issue presented.

2.  It is undisputed that, if one includes the delay between the signing and the docketing of the order, as well as allowance for mailing and weekends, the appeal was timely as to the February 4, 1992 order.

3.  Fleming's motion for reconsideration included a statement much of which we view as eminently

for damages, and it is not at all obvious that an administrative remedy existed which could compensate him for the harm that he claims to have suffered.[4] Indeed, one might reasonably question, as Fleming did, whether a clerical error of this kind generated the type of issue for which administrative hearings were designed. *See District of Columbia v. Group Ins. Admin.*, 633 A.2d 2, 20 (D.C.1993) (noting that in this jurisdiction, "exhaustion of remedies is a flexible doctrine . . . subject to a number of interrelated exceptions, including inadequate remedy, unavailable remedy, and futility. . . ." (citations and internal quotation marks omitted)); *Barnett v. District of Columbia Dep't of Employment Servs.*, 491 A.2d 1156, 1160–62 (D.C. 1985). Moreover, in order to appeal administratively from an order suspending his permit, Fleming would have been required to pay all fines and penalties previously assessed, subject to the "full or partial reimbursement of the fines and penalties in the event of reversal or modification." 18 DCMR § 3014.11 (1987). He would therefore evidently have had to pay the other driver's tickets in order to contest them, all because of an alleged trivial and easily correctable error made by a District employee.

We are unable to reach the merits of these issues, however, because Fleming unfortunately allowed the time to appeal from the judge's original order to expire. The scope of our review of the order denying reconsideration, from which Fleming did appeal, is limited, and no abuse of discretion has been shown in that regard.

### B. Rule 59(e) and Rule 60(b).

A motion for reconsideration, by that designation, is unknown to the Superior Court's Civil Rules. The term has been used loosely to describe two different kinds of post-judgment motions. The first such motion, brought pursuant to Super.Ct.Civ.R. 59(e), is designated a motion to alter or amend the judgment.[5] The second is a motion for relief from judgment, pursuant to Super.Ct.Civ.R. 60(b).[6]

■ "The nature of a motion is determined by the relief sought, not by its label or caption." *Wallace v. Warehouse Employees Union No. 730*, 482 A.2d 801, 804 (D.C.1984). We went on to explain in *Wallace* that

[t]his court has described the difference between Rule 59(e) and Rule 60(b) motions in terms of whether, for the first time, the movant is requesting consideration of additional circumstances; if so, the motion is properly considered under Rule 60(b), but if the movant is seeking relief from the adverse consequences of the original order on the basis of error of law, the motion is properly considered under Rule 59(e).

*Id.* A timely motion pursuant to Rule 59(e) tolls the 30–day period for filing an appeal from the court's original order; a Rule 60(b)

---

reasonable (the "he" in the passage being Fleming himself):

It is . . . true that several tickets did not belong to him, but, did belong to someone else. It is also true that he was told to schedule [a] hearing. It is not true that he chose not to do so, but, the reason that he did not was simple, because this was a human error by a BTA employee not a *computer error*, and as such a hearing would not resolve this matter as stated in page 5 of the complaint but, rather common sense by BTA employees.

4. In his *pro se* brief on appeal, however, Fleming gave some indication that his alleged by-passing of administrative remedies may not have been accidental, but due, rather, to his frustration in dealing with employees of the District government and the delays allegedly occasioned by those employees.

5. Super.Ct.Civ.R. 59(e) provides:

(e) *Motion to alter or amend a judgment.* A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

6. Super.Ct.Civ.R. 60(b) provides, in pertinent part:

(b) *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.* On motion and upon such terms as are just, the Court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time. . . . A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

motion does not. *See* D.C.App.R. 4(a)(2); *Frain v. District of Columbia*, 572 A.2d 447, 449–50 (D.C.1990); *Wallace, supra*, 482 A.2d at 803 n. 5.

■ In the present case, Fleming's motion for reconsideration was not filed within ten days of the judge's order. As in *Frain, supra*, 572 A.2d at 450,

> [t]he essence of [Fleming's] argument was that Judge [Nan R. Shuker's] initial decision was incorrect and that [s]he should reconsider it. This kind of motion is properly brought pursuant to Rule 59(e), and *cannot be converted into a Rule 60(b)(1) motion in order to avoid the 10–day filing requirement of Rule 59(e)*.

(Emphasis added). In fact, we have stated that Rule 59(e)'s ten-day time period is jurisdictional, *D.D. v. M.T.*, 550 A.2d 37, 42 (D.C. 1988), and that "where a motion for reconsideration is untimely, ... the denial of such a motion is not an appealable order." *Frain, supra*, 572 A.2d at 450 n. 6 (citations omitted). Accordingly, Fleming's motion did not toll the running of the thirty-day period within which he was required to appeal.[7]

Moreover, even if we were to treat Fleming's motion as a timely one filed pursuant to Rule 60(b), *cf. In re Tyree*, 493 A.2d 314, 317 (D.C.1985), the scope of his appeal would be narrowly circumscribed. As this court stated in *State Farm Mut. Auto. Ins. Co. v. Brown*, 593 A.2d 184 (D.C.1991),

> [i]t is a longstanding and basic principle that a motion under Rule 60(b) may not be utilized as a substitute for an appeal.... Consequently, in reviewing a denial by the trial court of a motion under Rule 60(b), we do not review or determine the merits of the underlying action but only decide whether there has been an abuse of discretion by the trial court.

*Id.* at 185. (Citations and internal quotations marks omitted). Even more recently, in *Clement v. District of Columbia Dep't of Human Servs.*, 629 A.2d 1215, 1219 (D.C. 1993), we stated that

> Rule 60(b)(6) is not a *carte blanche* to cast adrift from fixed moorings and time limitations guided only by the necessarily variant consciences of different judges. *Rinieri v. News Syndicate Co.*, 385 F.2d 818, 822 (2d Cir.1967). Its scope is 'extremely meagre [sic].' *Id.* (quoting *United States v. Karahalias*, 205 F.2d 331, 333 (2d Cir. 1953)).

*See also Wagner v. United States*, 316 F.2d 871, 872 (2d Cir.1963) (per curiam) ("[t]he catch-all clause of Rule 60(b)(6) ... cannot be read to encompass a claim of error for which appeal is the proper remedy"); *Starling v. Jephunneh Lawrence & Assocs.*, 495 A.2d 1157, 1161 (D.C.1985) ("Rule 60(b)(6) is properly invoked in extraordinary circumstances or where a judgment may work an extreme and undue hardship").

■ Since we cannot review the merits of the judge's initial order, *State Farm, supra*, 593 A.2d at 185, our limited scope of review of an order denying a Rule 60(b) motion, *Clement, supra*, leaves for our consideration only the question whether the judge abused her discretion by declining to vacate her prior order on the basis of any new material presented by Fleming in support of his motion for reconsideration. We have previously noted, however, that his motion contained no significant new factual allegations. Accordingly, we conclude that, even if we treat the motion for reconsideration as a timely one pursuant to Rule 60(b), the judge did not abuse her discretion by denying it.

## III.

## CONCLUSION

For the foregoing reasons, the order appealed from is hereby

*Affirmed.*

---

7. We also note that Fleming specified in his notice of appeal that he was appealing from the order denying reconsideration, and did not mention the judge's original order dismissing the complaint. This technical omission, however, standing alone, might not be dispositive. *See,* *e.g., Terkildsen v. Waters*, 481 F.2d 201, 206 (2d Cir.1973) (notice of appeal should be liberally construed); *Conley v. Gibson*, 355 U.S. 41, 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *cf.* D.C.App.R. 3(a).