Douglas Johnson FRAZIER, Appellant,

v.

Angela UNDERDUE–FRAZIER, Appellee.

No. 02–FM–379.

District of Columbia Court of Appeals.

Decided July 25, 2002.

Before GLICKMAN, Associate Judge, and KERN and NEBEKER, Senior Judges.

PER CURIAM.

We confront the question whether an appellant's alleged reliance on erroneous information from court personnel provides a basis for invoking the "unique circumstances" doctrine so as to save an untimely appeal from dismissal. On April 4, 2002, appellant noted this *pro se* appeal from a judgment of absolute divorce entered in the trial court on February 6, 2002. After this court directed him to show cause why his appeal should not be dismissed for lack of jurisdiction as untimely, he filed a response contending that he relied on an unidentified court employee's statement that he had sixty days in which to file an appeal.[1]

D.C.App. R. 4(a)(1) requires notices of appeal to be filed within thirty days after entry of the order appealed. That time limit is mandatory and jurisdictional. *In re C.I.T.*, 369 A.2d 171, 172 (D.C.1977). But under the doctrine of "unique circumstances," this court may deem an untimely appeal timely if the untimeliness was due to the appellant's reasonable reliance on some affirmative, misleading action of the trial court. *Frain v. District of Columbia*, 572 A.2d 447, 450–52 (D.C.1990). That doctrine, however, applies to "a statement or action *of the trial court.*" *In re Alexander*, 428 A.2d 812, 815 n. 4 (D.C.1981)

(emphasis added), *cert. denied*, 454 U.S. 1149, 102 S.Ct. 1014, 71 L.Ed.2d 303 (1982). Although we have not explicitly held that the doctrine does not extend to misinformation given by a court employee, we have stated that "[w]e would be most reluctant to rely solely on the statements or actions of an unidentified court functionary [as opposed to those of a trial judge] as grounds for bypassing the jurisdictional requirements of our rules." *Robinson v. Evans*, 554 A.2d 332, 336 (D.C.1989).

The United States Court of Appeals for the District of Columbia Circuit has squarely addressed this issue and held that the unique circumstances doctrine does not apply in such a situation. *Moore v. South Carolina Labor Bd.*, 321 U.S.App. D.C. 346, 100 F.3d 162 (1996) (appeal dismissed despite claim that a staff person in the district court clerk's office erroneously told the appellant he had sixty days, rather than thirty, to file his appeal). As that court reasoned, only official judicial action occasions the justifiable reliance required by the unique circumstances doctrine. *See id.* at 348, 100 F.3d at 164.

Moreover, appellant's assertion that a court employee, whom appellant does not identify, told him the appeal period is sixty days may well present a credibility issue, particularly in light of the fact that none of this jurisdiction's rules of procedure mentions a sixty-day appeal period. That such claims of misinformation inherently present questions of credibility is another reason why the unique circumstances doctrine is limited to judicial actions or statements, which are matters of record.

The doctrine of unique circumstances is to be construed "very narrow[ly]" and applied in "limited circum-

---

1. Appellant was represented by counsel in the trial court. He contends that he was dissatisfied with the divorce settlement from the outset, but that his repeated calls to his counsel were ignored. He states that he then decided to appeal the decree *pro se,* and it was thereafter that he was misinformed about his appeal time.

stances." *Frain, supra,* 572 A.2d at 451. We hold that those circumstances do not include misinformation provided by nonjudicial court personnel.[2] Accordingly, we dismiss this appeal for lack of jurisdiction. We note, however, that appellant filed his notice of appeal within the thirty-day excusable neglect period of D.C.App. R. 4(a)(4); thus, the dismissal is without prejudice to reinstatement of the appeal if appellant seeks and receives in the trial court a *nunc pro tunc* extension of time to file his notice of appeal.

*So ordered.*

---

2. This case is different from *Ouriaghli v. Moore,* 621 A.2d 392 (D.C.1993), in which we held that reliance on misinformation from a trial judge's law clerk was a colorable basis for a motion for reconsideration. Whether to grant a motion for reconsideration is a discretionary decision of the trial court, whereas the timeliness of an appeal is mandatory and jurisdictional.