**Priscilla FARROW, Appellant,**

v.

**J. CREW GROUP INC., Appellee.**

**No. 08–CV–1564.**

District of Columbia Court of Appeals.

Argued March 11, 2010.

Decided Jan. 20, 2011.

John D. Hemenway, Washington, DC, for appellant.

Padraic K. Keane, Washington, DC, for appellee.

Before REID and THOMPSON, Associate Judges, and WAGNER, Senior Judge.

WAGNER, Senior Judge:

This case presents the question whether this court has jurisdiction over an appeal which would be timely only if errors in the underlying judgment defeat its finality. We hold that the errors in the judgment and memorandum order of the court do not affect its validity for purposes of appeal and that appellant's untimely appeal must be dismissed for lack of jurisdiction. We affirm the denial of appellant's post-judgment motion insofar as it sought relief under Super. Ct. Civ. R. 60(b).

## I. Factual and Procedural Background

Appellant, Priscilla Farrow, filed a complaint for damages alleging that she sustained damages as a result of a fall she had outside of the store of appellee, J. Crew Group, Inc. (J. Crew). Originally, Farrow named as defendants 3222 M Street, Inc., The Miller Realty Corporation, and appellee, J. Crew, Inc. Upon a motion filed by Farrow, on August 10, 2007, the trial court (Judge Terrell) dismissed all defendants except J. Crew.[1] Farrow continued the litigation against J. Crew only, which included efforts to obtain discovery from J. Crew and related motions. On April 28, 2008, J. Crew filed a motion for summary judgment, and Farrow filed a motion for partial summary judgment. After both parties had filed oppositions to the respective motions, the trial court (Judge Combs Greene) filed an opinion, designated as an order, dated September 25, 2008 and docketed on September 26, 2008, denying Farrow's motion and granting "Defendant's"

1. According to the trial court's order, the named parties (including John Does) were dismissed upon Farrow's motion after she determined that they "are not proper [d]efendants in this action."

motion.[2] The caption of the opinion lists as defendant, "3223 M Street, Inc., *et al.,*" and the first paragraph of the opinion refers to the motion under consideration as that of "3223 M Street." There is no mention of J. Crew by name. In a separate document dated September 30, 2008 and docketed on October 1, 2008, the trial court entered a judgment that "OR-DERED, that Plaintiff takes nothing and JUDGMENT is hereby entered in favor of the Defendant 3223 M Street." The caption of this document again lists as defendant, "3223 M Street, Inc., *et al.*"

On October 27, 2008, Farrow filed a motion for reconsideration of the order docketed on September 26th pursuant to Super. Ct. Civ. R. 59(e). On October 30, 2008, she filed an additional motion for reconsideration of the court's order docketed on September 30, 2008, citing again Rule 59(e). By order signed on November 13 and docketed on November 14, 2008, the trial court denied Farrow's Rule 59(e) motion as untimely, noting that it was not filed until thirty-one days after summary judgment had been granted.[3] The trial court also determined that the motion could not be considered properly under Rule 60 and denied it in any event. On December 5, 2008, Farrow filed a notice of appeal.[4]

J. Crew argues that this court lacks jurisdiction to entertain the appeal because it was not filed timely. Farrow argues that the appeal is not untimely because a proper final order was never entered. Specifically, she contends that the judgment is not final because: (1) it failed to identify J. Crew as the defendant in favor of which it was entered; (2) it was not set forth in a separate document as required by applicable court rules; and (3) she was misled by the circumstances into believing that no appealable order had been entered. Farrow urges this court to consider the appeal to be premature and to exercise jurisdiction upon entry of a proper order in order to avoid a needless waste of judicial resources.

## II. Jurisdictional Analysis

■ J. Crew argues that the appeal is untimely and should be dismissed under D.C.App. R. 4(a) because it was filed more than thirty days after the entry of judgment and that period was not extended by her filing of a motion under Super. Ct. Civ. R. 59(e) because the latter motion was itself untimely. Under Rule 4(a), the notice of appeal in a civil case must be filed "within 30 days after entry of the judgment or order from which the appeal is taken unless a different time is specified by the provisions of the District of Columbia Code." D.C.App. R. 4(a). It is well established that the time limits specified by Rule 4 are mandatory and jurisdictional. *See e.g., Frain v. District of Columbia,* 572 A.2d 447, 449 (D.C.1990) (citations

---

**2.** On July 11, 2008, Farrow filed a motion to compel discovery and a motion pursuant to Super. Ct. Civ. R. 56(f). After granting summary judgment, the trial court denied Farrow's motion to compel as moot. No disposition of the Rule 56(f) motion appears on the docket.

**3.** The order refers specifically to the motion filed on October 27, 2008.

**4.** The Superior Court's docket sheet states that the appeal is taken from the trial court's order entered "ctober [sic] 30, 2008." Farrow's notice of appeal in this court lists as the orders appealed from the trial court's judgment and adverse rulings on her case both pre-judgment and post-judgment. This court issued a show cause order directing Farrow to show cause why the appeal should not be dismissed. A motions division discharged the show cause order and directed the parties to address the jurisdictional issue in their briefs for its consideration by the merits panel.

omitted); *Robinson v. Evans*, 554 A.2d 332, 335 (D.C.1989) (citations omitted). Unless timely filed, this court has no jurisdiction to entertain the appeal. *Id.*

The notice of appeal in this case was not filed within thirty days of the judgment appealed from. However, Farrow did file in the trial court two motions under Super. Ct. Civ. R. 59(e) (motion to alter or amend judgment). Such a motion, if timely filed, will toll the time for noting an appeal until the motion is acted upon. D.C.App. R. 4(a)(4)(A)(iii) & (B)(i);[5] *Vincent v. Anderson*, 621 A.2d 367, 370–72 (D.C.1993) (in accordance with D.C.App. R. 4, holding timely a notice of appeal filed within 30 days of the disposition of a timely filed motion under Super. Ct. Civ. R. 59(e)); *Fleming v. District of Columbia*, 633 A.2d 846, 849 (D.C.1993) (holding appellant's appeal untimely where 59(e) motion not filed within the rule's 10–day time period). Rule 59(e) requires that a motion to alter or amend the judgment be filed no later than 10 days after entry, which we have recognized to be jurisdictional. *Id.* (citing *D.D. v. M.T.*, 550 A.2d 37, 42 (D.C. 1988)).

Here, it is undisputed that Farrow did not file either of her Rule 59(e) motions until well beyond that time. The judgment was entered on the docket on October 1, 2008, and Farrow filed motions pursuant to Rule 59(e) on October 27 and October 30, 2008. Only *timely* Rule 59(e) motions operate to toll the time limitations for noting an appeal. Indeed, "we have

stated that Rule 59(e)'s ten-day period is jurisdictional ... and that 'where a motion for reconsideration is untimely, ... the denial of such a motion is not an appealable order.'" *Fleming, supra,* 633 A.2d at 849 (citation omitted). The party could challenge the underlying judgment only by filing a timely appeal from the judgment, which, as we have said, Farrow did not do in this case. Since Farrow's motion was untimely, it had no tolling effect on the thirty-day period for noting an appeal. Moreover, the denial of an untimely Rule 59(e) motion is not an appealable order.[6] *Id.* (citing *Frain, supra,* 572 A.2d at 450 n. 6). Ordinarily, these circumstances would require dismissal of the appeal as untimely. However, in support of her claim that this court has jurisdiction over her appeal, Farrow makes three arguments that require consideration.

First, Farrow argues that because the summary judgment order refers to the previously dismissed corporation, 3222 M Street, Inc., as the defendant, instead of the only remaining defendant, J. Crew, there is no final appealable order. Therefore, she contends, this court should treat the appeal as premature and entertain same upon correction of the error. The question is whether the error omitting the name of the sole defendant remaining in the case from the judgment renders it invalid. We have not previously squarely decided this issue, but federal courts, interpreting similar federal rules, have held that "clerical errors contained in the judg-

---

**5.** D.C.App. R. 4(a)(4)(A)(iii) lists a motion to vacate, alter, or amend the order or judgment as one of the motions that will result in an extension of the time for filing the notice of appeal pursuant to D.C.App. R. 4(a)(4)(B)(i) until entry of an order disposing of the motion on the Superior Court's docket. Under Rule 4 as revised in 2004, a Rule 60 motion, if filed within ten days of the entry of judgment, will also toll the time for noting an appeal

until disposition of the motion. D.C.App. R. 4(a)(4)(A)(v); *Nichols v. First Union Nat'l Bank*, 905 A.2d 268, 271–72 (D.C.2006).

**6.** The trial court is precluded by Super. Ct. Civ. R. 6(b) from even extending the time limits for filing a Rule 59(e) motion. *See Clement v. District of Columbia Dep't of Human Servs.*, 629 A.2d 1215, 1218 (D.C.1993).

ment do not render it invalid."[7] *Pratt v. Petroleum Prod. Mgmt. Emp. Sav. Plan & Trust*, 920 F.2d 651, 655 (10th Cir.1990). Relevant to this case, one question addressed in *Pratt* was whether the district court's judgment was final for purposes of appeal where the judgment referenced the defendants using an old corporate name and the "*et al.*" designation. *Id.* The 10th Circuit rejected the argument of the three unspecified defendants that the judgment was not final and that a remand was required for proper entry of judgment, which would have given them an opportunity to note a timely appeal upon entry of a corrected judgment.[8] *Id.* The court reasoned that the judgment required only a clerical correction which could be remedied readily through Fed.R.Civ.P. 60(a). *Id.* We find the reasoning in *Pratt* persuasive.

Farrow argues that the reference in the trial court's judgment to a dismissed defendant is not the type of error that can be corrected through Super. Ct. Civ. R. 60(a). She contends that the decision in *Pratt* is distinguishable and supportive of her position. Specifically, she points out that *Pratt* involved an inadvertent omission from the judgment of prejudgment interest which could be ascertained readily by reference to the court's memorandum opinion and order. She argues that, unlike this case, the district judge did not make a mistake as to the party involved, and there was no error in the body of the court's memorandum.

Contrary to Farrow's argument, the judgment in *Pratt*, as we have said, did not reference any of the individual defendants by name either in its caption or body. *Pratt*, 920 F.2d at 655. The caption of the judgment identified only the corporate employer under an old corporate name and used the "*et al.*" designation for any other defendants. *Id.* While the district court's separate memorandum and order granting summary judgment named all defendants (with the corporate defendant under its former name), we do not regard that a significant distinguishing fact. The judgment required reference to another document for clarification and clerical correction. *See id.* The *Pratt* court considered the question of enforceability of the judgment without correction to be a different issue than the jurisdictional question pre-

7. We have held repeatedly that when interpreting a local rule that is identical to a federal rule or nearly so, we may look to federal decisions as persuasive authority. *See, e.g., Lenkin v. District of Columbia Rental Hous. Comm'n*, 677 A.2d 46, 49 n. 5 (D.C. 1996) (citing *Montgomery v. Jimmy's Tire & Auto Ctr.*, 566 A.2d 1025, 1027 (D.C.1989)).

8. In *Pratt*, the court also held insufficient for purposes of Fed. R.App. P. 3(c) and appellate jurisdiction a notice of appeal that relied on the "*et al.*" designation in the caption and a phrase in the body of the notice that "defendants above named, hereby appeal." *Pratt*, 920 F.2d at 654. The court noted that "[t]he specificity requirement of Rule 3(c) is met only by some designation that gives fair notice of the specific individual or entity seeking to appeal." *Id.* (quoting *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 318, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988)). Explaining the ra-

tionale, the court stated that Rule 3 was intended to eliminate any uncertainty as to who was appealing and that the indefinite designation could be interpreted to mean that all or fewer than all parties included in the "*et al.*" were appealing. *Id.; see also Laidley v. McClain*, 914 F.2d 1386, 1389 (10th Cir.1990) (applying the same rationale and holding that failure to specifically designate the party in the notice of appeal is a jurisdictional bar to the appeal); *cf. Patterson v. District of Columbia*, 995 A.2d 167, 171 (D.C.2010) (noting that a liberal construction of Rule 3 will not apply if the appealing party is not specified and dismissing on jurisdictional grounds the appeals of unspecified parties). However, as noted above, the *Pratt* court rejected the argument that a similar defect in the judgment itself, readily correctable through Rule 60(a), rendered the judgment invalid. *Pratt*, 920 F.2d at 655.

sented by the notice of appeal. That court determined the errors in the judgment to be of no major consequence and readily correctable through Fed.R.Civ.P. 60(a). *Id.*

Similarly, in the present case, the caption references a previously dismissed defendant accompanied by the *"et al."* designation. While the body of the judgment in this case also incorrectly lists a previously dismissed defendant as the moving and prevailing party on summary judgment, this is not a case in which the party against which judgment was intended was not clear, thereby precluding correction through Rule 60(a). *See Pratt, supra,* 920 F.2d at 653–54 n. 5.[9] Only one party defendant, J. Crew, remained in the case, and therefore, no other defendant could have

been intended. Further, the judgment entered by the court for the defendant states that "[p]laintiff takes nothing," thereby making clear that Farrow was denied any recovery from the defendant, albeit that the defendant was incorrectly identified. This is precisely the type of error correctable through Rule 60(a).[10] A correction that simply conforms judgment to the original intention of the court can be effected properly through Rule 60(a). *Id.; accord Harman v. Harper,* 7 F.3d 1455, 1457 (9th Cir.1993) (citing *Robi v. Five Platters, Inc.,* 918 F.2d 1439, 1445 (9th Cir.1990) (other citations omitted));[11] *see also Tolson v. District of Columbia,* 860 A.2d 336, 341 (D.C.2004) (noting that the court has authority to vacate a judgment to correct clerical errors).[12] It is clear from the

9. In *Pratt,* the court also held that the judgment was final where it inadvertently omitted prejudgment interest, which the district court clearly intended. *Pratt,* 920 F.2d at 653–54 n. 5. Since the trial court's intentions were clear, the error was deemed to be one correctable through Rule 60(a). *Id.* (citing 6A J. MOORE, J. LUCAS & G. GROTHEER, JR., MOORE'S FEDERAL PRACTICE ¶ 60.06[4]) (2d ed. 1990) (other citation omitted).

10. Super. Ct. Civ. R. 60(a), which is identical to Fed.R.Civ.P. 60(a), reads, in pertinent part, as follows:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the Court at any time of its own initiative or on the motion of any party and after such notice, if any, as the Court orders.

11. In *Harman,* the 9th Circuit dismissed as untimely an appeal from an underlying judgment which appellant claimed was timely counting from the date that the district judge corrected the judgment to reduce punitive damages to maintain proportionality. *Harman,* 7 F.3d at 1456–57. Although the circuit court did not have to decide ultimately whether the court's correction of the earlier judgment was proper under Rule 60(a) or Rule 60(b), we cite it principally for its apt discussion and recitation of the rule concerning the

distinction between those errors that are properly correctable under Rule 60(a) and those that are not. Quoting from another 9th Circuit decision, the court states:

> The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court changes its mind....

*Id.* at 1457 (quoting *Blanton v. Anzalone,* 813 F.2d 1574, 1577 n. 3 (9th Cir.1987)).

12. A principal issue in *Tolson* was whether the trial court had authority to vacate a judgment entered upon a jury's verdict without the court's knowledge. *Tolson,* 860 A.2d at 340. We held that it did where, consistent with Super. Ct. Civ. R. 58, the court had ordered that a punitive damages issue and motion for judgment as a matter of law be resolved before the entry of judgment. *Id.* at 339–42; *see also* Super. Ct. Civ. R. 58 (providing that "the Clerk, unless the Court or Administrative Order otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the Court...."). This court held that a renewed motion for judgment as a matter of law filed within 10 days of the entry of final judgment was timely. The judgment also contained numerous clerical errors, which appellees argued warranted vacation of the

judgment and order that the case was finally and adversely decided against Farrow and in favor of the only remaining defendant.[13]

■ Second, Farrow argues that the judgment is not final because it is not set forth in a separate document as required by Super. Ct. Civ. R. 58, which incorporates requirements of Super. Ct. Civ. R. 54(b). She contends that when taken together, these rules require a separate document because there had been multiple parties in the case. Farrow argues that only a judgment entered in accordance with these rules will commence the running of the time for noting an appeal.

■ Rule 54(b) applies to judgments involving multiple claims or multiple parties.[14] Application of the rule preserves the policy against piecemeal appeals. *Peoples v. Warfield & Sanford, Inc.*, 660 A.2d 397, 401 (D.C.1995) (citing *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)). This rule also prevents a premature appeal of some claims from defeating the proper resolution of the case as a whole. *Id.* A judgment must dispose of all claims against all parties in order to be final for purposes of appeal. *Berryman v. Thorne*, 700 A.2d 181, 182 n. 3 (D.C.1997) (recog-

nizing that this court lacked jurisdiction until all matters were decided subsequent to the filing of the appeal) (citing *In re Estate of Chuong*, 623 A.2d 1154, 1157 (D.C.1993) (en banc)). Therefore, adjudication of fewer than all claims against all parties, absent certification under Rule 54(b), is not appealable. *Id.*

Farrow's argument is that because there were multiple parties in the litigation at one time, the judgment against J. Crew cannot be final. That outcome would be contrary to the plain meaning and purpose of Rule 54(b). The rule is clearly directed toward a judgment involving fewer than all claims or parties. Here, only plaintiff Farrow and defendant J. Crew remained as parties in the case at the time that judgment was entered. Therefore, there was no basis for the court to make a determination under Rule 54(b) that there was no reason to delay the entry of judgment while the case proceeded against others or on other claims. *See Peoples, supra*, 660 A.2d at 401–02 (explaining the kind of separability required to justify Rule 54(b) certification) (citations omitted). There were no other claims being pursued. In short, Rule 54(b) is inapplicable and serves no purpose as relates to the entry of a final judgment disposing of all claims as to all parties. *See* Super. Ct. Civ. R. 54(b).[15]

---

judgment under Rule 60(a) and this court agreed; however, the opinion does not address the jurisdictional issue raised by this appeal.

13. To the extent that Farrow is arguing that only errors made by the clerk, rather than those made by the court are the proper subject of correction under Rule 60(a), we reject it. The cases above cited addressing the issue dispel that notion.

14. Super. Ct. Civ. R. 54(b) provides, in pertinent part, as follows:

When ... multiple parties are involved, the Court may direct the entry of a final judg-

ment as to 1 or more but fewer than all of the ... parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

15. See note 14, *supra*.

Farrow also looks to Super. Ct. Civ. R. 58, which is subject to the provisions of Rule 54(b), in support of her argument that the entry of judgment was not final. Rule 58 requires that a judgment be set out in a document separate and distinct from any opinion or memorandum of the court.[16] *District of Columbia v. Murtaugh,* 728 A.2d 1237, 1243 (D.C.1999) (citing *Spann v. Colonial Vill. Inc.,* 283 U.S.App.D.C. 216, 224, 899 F.2d 24, 32 (1990)). The time for noting an appeal does not begin to run until the separate-document requirement is met. *See id.* The purpose of the separate document rule is to clarify when the time for noting an appeal commences to run and to avoid the inequities that might occur when a party appeals from a document or docket entry that appears to be final, but is not. *Id.* at 1242–43 (citing *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 384, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978)).

Farrow argues that Rule 58 and Rule 54(b) together require that the judgment be set forth in a separate document. In this case, the trial court signed, and there is entered on the docket, a separate document setting forth the court's judgment in which it specified that plaintiff (Farrow) takes nothing and that judgment is entered in favor of defendant, although the latter is identified incorrectly as the previously dismissed "3223 M Street" corporate defendant. Thus, the gravamen of Farrow's argument is that the requirement of the separate document rule is not met here because the prevailing defendant was misidentified. For the reasons we have stated in our earlier discussion, we do not agree that the separate judgment entered in this case is invalid because of the error in identifying the only remaining defendant in the case at that time. *See Pratt, supra,* 920 F.2d at 655. As previously explained, it was clear what defendant was intended, as only one defendant remained in the case, and the error is one that is readily correctable through Rule 60(a). *See id.*

Finally, Farrow suggests that she was misled by the circumstances into believing that no appealable order had been entered. We are not persuaded by this argument, particularly given the facts of this case. Farrow was well aware that J. Crew was the only remaining defendant in the case. All other parties in the case had been dismissed upon Farrow's own motion more than a year before the entry of judgment in favor of J. Crew. Extensive litigation continued only against J. Crew. Farrow treated the judgment as final. She filed her motions for reconsideration under Super. Ct. Civ. R. 59(e), which addresses altering or amending a judgment. In the 59(e) motion filed on October 30th, she lists the next event as "Appeal." The arguments in the motion claim errors of law in the trial court's ruling, which are properly considered under Rule 59(e). *See Puckrein v. Jenkins,* 884 A.2d 46, 53 n. 8 (D.C.2005) (noting that motions for reconsideration asserting errors of law are generally treated under Rule 59(e)); *Wallace v. Warehouse Employees Union # 730,* 482 A.2d 801, 804 (D.C.1984) (explaining that requests for relief from consequences of original order on the basis of errors of law are properly considered under Rule 59(e)). In her notice of appeal, Farrow responds in the affirmative to the question

---

16. Rule 58 provides, in pertinent part, as follows:

Subject to the provisions of Rule 54(b): ... [u]pon a decision by the Court that a party shall recover only a sum certain ... or that all relief shall be denied, the Clerk, unless the Court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the Court. ... Every judgment shall be set forth on a separate document.

whether the order appealed from is final "(*i.e.*, disposes of all claims and has been entered by a Superior Court Judge, not a Magistrate Judge)." It is clear from the record that Farrow recognized the trial court's judgment as a final disposition of the case and treated it as such. Even if no separate document is entered in a case, it will be deemed waived "where (1) no party objects to the taking of the appeal in the absence of a separate judgment, and (2) it is clear that the trial court intended its action to be the final decision in the case." *Murtaugh, supra,* 728 A.2d at 1243 n. 4; *Pratt, supra,* 920 F.2d at 655–56 (citing *Bankers Trust, supra,* 435 U.S. at 386–87, 98 S.Ct. 1117 and *Laidley, supra* note 8, 914 F.2d at 1390) (noting that parties can waive strict compliance with the separate judgment rule and that where they are not misled into believing an order is non-final, lack of technical compliance with Rule 58 will not preclude appellate review.) In sum, we conclude that Farrow was not misled into believing that no final order had been entered, and that in any event, she waived any technical non-compliance with the separate document requirement. For all of the foregoing reasons, Farrow's appeal from the underlying judgment is untimely, and this court lacks jurisdiction to review it.

### III. Consideration Under Rule 60(b)

 While precluded from reviewing the merits of the underlying judgment, this court does have jurisdiction to review the trial court's order insofar as it denied relief under Super. Ct. Civ. R. 60(b).[17] *See Fleming, supra,* 633 A.2d at 849 (finding an appeal on the merits untimely, and limiting review to denial of a 60(b) motion). Appellate review of denial of a 60(b) motion is limited to whether the trial court abused its discretion in denying the motion. *Brown v. Kone, Inc.,* 841 A.2d 331, 333 (D.C.2004) (citation omitted) (setting forth the standard of review); *accord Fleming,* 633 A.2d at 849. In this case, the trial court denied Farrow's request for relief from judgment under Rule 59(e), but added that even assuming that the motion could be considered under Rule 60, the motion would be denied. The grounds for Farrow's motion were essentially mistakes of law.[18] Where "the movant is seeking relief from the adverse consequences of the original order on the basis of error of law, the motion is properly considered under Rule 59(e)." *Wallace, supra,* 482 A.2d at 804 (citations omitted). Where the moving party requests for the first time consideration of additional circumstances, the motion is properly considered under Rule 60(b). *Id.* Farrow did submit with her motion the full transcripts of the testimony of her building safety expert and the safety expert for J. Crew, only excerpts of which had been provided the trial court previously. Those transcripts have not been made a part of the record on appeal. The party appealing has the burden of presenting a record sufficient to show trial court error. *Cobb v. Standard Drug Co., Inc.,* 453 A.2d 110, 111 (D.C.1982) (citation

---

17. Rule 60(b) provides for relief from judgment or order based upon mistakes, inadvertence, excusable neglect, newly discovered evidence, fraud, etc. A motion under this rule "does not affect the finality of a judgment or suspend its operation." Super. Ct. Civ. R. 60(b).

18. Farrow argued that the trial court erred in: (1) precluding the submission of the standard of care question to the jury; (2) determining the function of the expert and kind of expertise required in a case such as this one; (3) accepting J. Crew's position that Farrow's expert failed to set forth an articulated standard of care and relied wholly upon unsupported assertions; and (4) failing to enforce discovery rules (*i.e.,* Super. Ct. Civ. R. 30(b)(6)).

omitted). Farrow has not met that burden. The record is inadequate to determine whether the trial court abused its discretion in denying relief under Rule 60(b) based on the submission of the additional documents, and we discern no abuse of discretion based on the material that is before us.

For the foregoing reasons, we dismiss the appeal of the underlying judgment for lack of jurisdiction. We affirm the trial court's denial of appellant's post-judgment motion insofar as it sought relief under Rule 60(b). We remand the case to the trial court for correction of the record to reflect the judgment in favor of J. Crew.

*So ordered.*