**J. FROG, LTD., d/b/a Carpet House, Appellant,**

v.

**W. Gary FLEMING, Appellee.**

No. 89–1312.

District of Columbia Court of Appeals.

Submitted Oct. 2, 1991.

Decided Nov. 6, 1991.

---

Morris R. Battino was on the brief, for appellant.

No brief was filed on behalf of appellee.

Ava D. Greene, and David R. Smith entered appearances, for appellee.

Before ROGERS, Chief Judge, and TERRY and SCHWELB, Associate Judges.

TERRY, Associate Judge:

Appellant, a corporation, operates a retail store in Maryland known as Carpet House. In a complaint filed in the Small Claims Branch of the Superior Court, appellant sought recovery of $232.97 from appellee Fleming for unpaid taxes arising from the sale of some carpet, which was installed in Fleming's District of Columbia home. Fleming filed a motion to dismiss the complaint, and appellant (hereafter "Carpet House") in turn filed a motion for summary judgment. Both motions were denied by a Superior Court hearing commissioner. Fleming then moved for summary judgment on the ground that Carpet House was precluded from collecting any such tax because it had neither a business license [1] nor a certificate of registration.[2] The trial court granted the motion. We reverse.

In 1985 Carpet House sold approximately $4,000 worth of carpet to Mr. Fleming, who lived in the District of Columbia. Although the carpet was delivered to and installed in Fleming's home, Carpet House did not charge, and Fleming did not pay, any District of Columbia use tax as required by D.C.Code § 47–2202.[3] The District of Columbia tax authorities later audited Carpet House's records and determined that it owed unpaid "sales and use taxes" of $232.97 for the transaction with Fleming. Carpet House paid the tax and then filed this suit in small claims court against Fleming to recover what it had paid.

---

1. D.C.Code § 47–2801 (1990) provides in part:
   No person shall engage in or carry on any business, trade, profession, or calling in the District of Columbia for which a license fee or tax is imposed by the terms of this chapter without having first obtained a license to do so.
   The business of selling carpet at retail, however, is not one of the businesses "for which a license fee or tax is imposed by the terms of this chapter." See D.C.Code §§ 47–2808 through 47–2840 (listing those businesses for which licenses are required and setting license fees).

2. D.C.Code § 47–2026(a) (1990) provides in part:
   No person shall engage or continue to engage in the business of making any retail sales subject to tax under the provisions of this chapter without having obtained a certificate of registration therefor.
   "This chapter" refers to Chapter 20 of Title 47 of the Code, which provides for the collection of sales taxes. The certificate of registration requirement is extended by D.C.Code § 47–2212 (1990) to sales that are subject to use taxes. Carpet House did not have a certificate of registration at the time it sold the carpet to Fleming, but it obtained one some time thereafter.

3. D.C.Code § 47–2202 (1990) provides in part:
   There is hereby imposed and there shall be paid by every vendor engaging in business in the District and by every purchaser a tax on the use, storage, or consumption of any tangible personal property and service sold or purchased at retail sale.
   Although Carpet House is not located in the District, another section of the Code defines "engaging in business in the District" as "selling, delivering, or furnishing in the District ... tangible personal property ... sold at retail as defined herein." D.C.Code § 47–2201(h) (emphasis added). Section 47–2201(a)(1) defines "sold at retail" to include "all sales in any quantity or quantities of tangible personal property, whether made within or without the District ... to any person for the purpose of use, storage, or consumption, within the District...."

With certain exceptions not relevant here,[4] one who purchases tangible personal property from a vendor in the District, or from a vendor located outside the District who "engag[es] in business in the District," is required by law to reimburse the vendor for the tax that the District imposes upon the vendor. *See* D.C.Code §§ 47–2003(a), 47–2004, and 47–2203 (1990). Regardless of whether the tax is a sales tax or a use tax, the purchaser remains liable under section 47–2003(a) to pay it.

■ Until now it has not been explicitly held that a purchaser such as Fleming must reimburse a vendor who has failed to charge a sales or use tax, but it cannot be seriously doubted that this is what the law requires. First, the plain language of D.C.Code § 47–2003(a) imposes a "duty" on every District of Columbia purchaser of tangible personal property sold at retail to reimburse the vendor.[5] Section 47–2004 requires the vendor to obtain reimbursement by "add[ing] to the sales price and collect[ing] from the purchaser" the amount of the tax. The fact that Carpet House did not collect the tax from Fleming at the time of the sale does not now relieve Fleming of his duty to reimburse Carpet House for the tax it paid after the audit. We have also said, in dictum, that a vendor who did not charge taxes at the time of a sale could seek reimbursement of taxes for back sales from a purchaser, although we recognized that it might be difficult to do so. *District of Columbia v. Acme Reporting Co.*, 530 A.2d 708, 715 n. 11 (D.C.1987).

4. *See* D.C.Code § 47–2001(n)(2)(C), (E) (1990).

5. D.C.Code § 47–2003(a) provides:

Reimbursement for the tax imposed upon the vendor shall be collected by the vendor from the purchaser on all sales the gross receipts from which are subject to the tax imposed by this chapter so far as it can be done. It shall be the duty of each purchaser in the District to reimburse the vendor, as provided in § 47–2004, for the tax imposed by this chapter. *Such reimbursement of tax shall be a debt from the purchaser to the vendor and shall be recoverable at law in the same manner as other debts.* [Emphasis added.]

■ In the trial court Fleming contended that Carpet House's lack of a business license and a certificate of registration at the time of the sale precluded Carpet House now from suing to collect the tax. That argument is without merit, and the trial court erred in granting summary judgment based on it. As we have pointed out in note 1, *supra*, the business license requirement in D.C.Code § 47–2801 does not apply to retail sales of carpet. As for the certificate of registration, Carpet House was required by D.C.Code § 47–2026 to obtain such a certificate before "engag[ing] in the business of making any retail sales subject to tax under the provisions" of the District of Columbia Code. The penalty for failure to have a certificate, however, is set forth in section 47–2026(d) of the Code: a fine of "not more than $50 for each and every separate day on which said retail sales are made without possession of such registration certificate."[6] There is no support in case law, statutes, or regulations for the proposition that Carpet House's failure to obtain a certificate permanently barred it from recovering unpaid taxes from purchasers whose duty it was to pay them. On the contrary, the tax regulations provide that "[t]he failure to ... secure a certificate [of registration] shall not relieve any vendor or purchaser from the duty of paying the tax imposed by the [Sales Tax] Act *or collect[ing] from the purchaser the reimbursement for the tax.*" 9 DCMR § 415.4 (1986) (emphasis added).[7]

■ Courts generally construe administrative regulations by the same rules that apply to the interpretation of statutes. *In*

Although "the tax imposed by this chapter" is a sales tax, section 47–2203 of the Code makes section 47–2003 applicable to use taxes as well.

6. In addition, criminal penalties are available under D.C.Code § 47–2028 (1990) for failure to "perform any act under the provisions of this chapter...." Section 47–2028 is made applicable to persons required to pay use taxes by D.C.Code § 47–2213 (1990).

7. Although section 415.4 refers only to "the duty of paying" sales taxes, 9 DCMR § 400.4 (1986) states that "[t]he provisions of this chapter ... [including section 415.4] are applicable to the Compensating Use Tax." Thus section 415.4 applies to the use tax at issue in the instant case.

re R.F.H., 354 A.2d 844, 845 n. 2 (D.C.1976); *KCMC, Inc. v. FCC,* 600 F.2d 546, 549 (5th Cir.1979); *Rucker v. Wabash R.R.,* 418 F.2d 146, 149 (7th Cir.1969); 1A SUTHERLAND, STATUTORY CONSTRUCTION § 31.06 (4th ed. 1985); *see Siegman v. District of Columbia,* 48 A.2d 764, 766 (D.C.1946) (municipal ordinances are similarly construed). A cornerstone of statutory interpretation is the rule that a court "will not look beyond the plain meaning of a statute when the language is unambiguous and does not produce an absurd result." *Gibson v. Johnson,* 492 A.2d 574, 577 (D.C.1985) (citation omitted). The plain meaning of section 415.4 of the regulations is that a purchaser cannot avoid paying a sales or use tax otherwise payable because the vendor does not, at the time of the sale, possess a certificate of registration. We so hold in this case.

 Carpet House opposed the motion for summary judgment on the ground that there were genuine issues of material fact to be resolved. Although the record is not entirely clear as to what those issues might be, one apparent issue is whether the parties intended to include the District of Columbia tax in the sales price of the carpet.[8] What is clear is that Fleming was not entitled to judgment as a matter of law.[9] Thus we reverse the order granting summary judgment and remand this case to the trial court for further proceedings.

*Reversed and remanded.*

---

8. *But see* D.C.Code § 47–2001(p)(2)(C) (1990) (excluding from the definition of "sales price" "[t]he amount of reimbursement of tax paid by the purchaser to the vendor"), made applicable to sales that are subject to use taxes by D.C.Code § 47–2001(j) (1990).

9. Summary judgment may be granted only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Super.Ct.Civ.R. 56(c). In this case there is at least one material issue of fact, and Fleming is plainly not entitled to judgment in light of D.C.Code § 47–2003(a) and 9 DCMR § 415.4.