Matilene S. BERRYMAN,
et al., Appellants,

v.

George THORNE, Appellee.

No. 94–PR–1020.

District of Columbia Court of Appeals.

Argued Nov. 1, 1996.
Decided May 29, 1997.

Matilene S. Berryman, with whom Dovey J. Roundtree, Washington, DC, was on the brief, for appellants.

Nicholas D. Dale, with whom Bonnie J. Lawless, Bethesda, MD, was on the brief, for appellee.

Before WAGNER, Chief Judge, TERRY and RUIZ, Associate Judges.

RUIZ, Associate Judge:

 Matilene S. Berryman, appellant, is the personal representative for the estate of Mary L. Patterson who died testate in 1993.[1]

1. Conrad Jones, Delois Jones, Danny Jones, Marie Harris, Lonnie Huggins, Paul Curtis, David

Proctor, and Anthony Harrison are named appel-

Berryman appeals the trial court's order granting George Thorne, appellee, partial summary judgment and denying Berryman's cross-motion for summary judgment. The order established Thorne as the surviving spouse of Mary Patterson entitling him to collect his statutory share under D.C.Code § 19–113 (1989) and a family allowance under D.C.Code § 19–101 (1996 Supp.). Berryman's two main arguments on appeal are that the trial court erred in granting partial summary judgment because material facts were in dispute and Thorne was not entitled to judgment as a matter of law.[2] Finding no material facts in dispute and no error of law, we affirm.[3]

Mary Patterson died testate on May 30, 1993, and soon thereafter Thorne notified Berryman that he was the lawful surviving spouse of Patterson. Patterson and Thorne were married in the District of Columbia in 1957 and soon thereafter moved to New York and then to New Haven, Connecticut. After approximately two years of living together, Thorne and Patterson physically separated.[4] In 1967, Patterson began to live with Mr. Edward Patterson in the District of Columbia, a relationship that continued until his death in 1991.

On September 16, 1993, Thorne filed a complaint to remove Berryman as the personal representative and to confirm that he was the surviving spouse of Patterson. Discovery commenced and on March 1, 1994, Berryman moved for summary judgment, and Thorne opposed Berryman's motion and filed a motion for partial summary judgment on his status as the surviving spouse of Patterson. The trial court denied both motions at a hearing on March 16, 1994, believing

that additional discovery was in order. Discovery was extended until July 14, 1994.

At a status hearing on June 15, 1994, the trial court attempted to facilitate agreement on statements of undisputed facts to govern future motions for summary judgment. At the hearing, Berryman stated that she did not intend to prove that Thorne and Patterson had gotten a divorce, but instead was relying on the doctrine of unclean hands and laches to support her position that Thorne was not entitled to any money. After some discussion between the trial court and Berryman over whether she needed additional time for further discovery, Berryman voluntarily withdrew her discovery request.[5] Thorne was ordered to file a renewed motion for summary judgment by June 24, 1994, and Berryman's opposition was to be filed by July 6, 1994. A hearing was set for July 14, 1994, to review the status of the motions or hear arguments.

On June 22, 1994, Thorne filed a motion for partial summary judgment asking the court to declare that he was the surviving spouse of Patterson, which is the subject of this appeal. In order to prevail on a motion for summary judgment, Thorne, the moving party, must demonstrate that there is no genuine issue of material fact in dispute and that he is entitled to judgment as a matter of law. Super.Ct.Civ.R. 56(c); *Colbert v. Georgetown Univ.*, 641 A.2d 469, 472 (D.C. 1994) (en banc). Summary judgment is appropriate " 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is

---

lants who stand to take under Mary L. Patterson's will.

2. Berryman alleges numerous errors by the trial court which will be addressed *infra*. Thorne's motion to strike Berryman's reply brief is denied.

3. To be a final appealable order, a judgment must dispose of all claims against all parties. *In re Estate of Chuong*, 623 A.2d 1154, 1157 (D.C. 1993) (en banc). Partial summary judgment, therefore, in the absence of Rule 54(b) certification, is not appealable. Although when the appeal was filed we lacked jurisdiction, subsequent to the filing of this appeal all matters were decid-

ed by the trial court. Therefore, this court has jurisdiction. *See Dyer v. William S. Bergman & Assocs., Inc.*, 635 A.2d 1285, 1287 (D.C.1993). Thorne's counsel represented at oral argument that all matters had been decided by the trial court subsequent to their filing of the motion to dismiss the appeal as premature.

4. The record is unclear as to the circumstances surrounding their physical separation.

5. Berryman's contention on appeal that the trial court derailed the discovery process is without support in the record.

entitled to a judgment as a matter of law.'" *Nader v. de Toledano*, 408 A.2d 31, 41 (D.C. 1979) (quoting Super.Ct.Civ.R. 56(c)). Once the moving party meets his burden, the non-moving party "must show that she has a plausible ground to maintain the particular cause of action." *Smith v. Washington Metro. Area Transit Auth.*, 631 A.2d 387, 390 (D.C.1993); *see Sherman v. District of Columbia*, 653 A.2d 866, 869 (D.C.1995).

This court's review of summary judgment is *de novo*. *Kuder v. United Nat'l Bank*, 497 A.2d 1105, 1106–07 (D.C.1985). Like the trial court, we review the record in the light most favorable to the nonmoving party. *Fry v. Diamond Constr., Inc.*, 659 A.2d 241, 245 (D.C.1995); *Colbert, supra*, 641 A.2d at 472.

Berryman contends that summary judgment was precluded because a material fact is in dispute, whether Patterson and Thorne were divorced at the time of Patterson's death. Specifically, Berryman contends that the parties did not stipulate that Thorne had never gotten a divorce from Patterson. Thorne contends that they did so stipulate. The record reveals the following: In his statement of material facts not in dispute in support of his motion for partial summary judgment, Thorne states, among other things, that "7) There is no evidence of divorce between George Thorne and Mary Lessie Patterson anywhere." Thorne claims that Berryman agreed to this statement during the June 15th hearing. Berryman's statement of material facts not in dispute in support of her opposition to Thorne's motion and her cross-motion for summary judgment states that "6. George Thorne stated under oath that he had not divorced Mary Lessie Patterson." Berryman also maintained at oral argument before this court that she never stipulated to the statement in Thorne's motion. A review of the transcript from June 15th supports Berryman's assertion

that she did not agree with the trial court's statement that there was no evidence of a divorce.

■ A dispute over whether or not Thorne and Patterson ever divorced, a material fact, generally would preclude summary judgment. *See Beard v. Goodyear Tire & Rubber Co.*, 587 A.2d 195, 198 (D.C.1991). However, where the moving party meets the initial burden of showing that no genuine issue of material fact exists, the burden shifts to the nonmoving party to set forth specific facts to show that there is a genuine issue for trial. *Id.* Here, Thorne provided a certified copy of the record of marriage; he stated in his deposition that he had never divorced Patterson; he claimed, in answer to interrogatories, to be married to Patterson at the time of her death; he produced a certificate of no divorce in the District; and, he produced an affidavit indicating that there was no record of divorce or annulment in New Haven, Connecticut, where the two last lived together. Presented with such evidence of marriage, Berryman had to provide some evidence of a possible divorce, other than her general denial that there was no evidence of divorce, to create a genuine dispute over a concededly material fact. *Id.* ("Conclusory allegations by the nonmoving party are insufficient to establish a genuine issue of material fact or to defeat the entry of summary judgment."). Instead of pursuing discovery in an effort to unveil some evidence of divorce, Berryman withdrew her request for discovery indicating she was relying on the doctrine of unclean hands. Berryman did not provide any plausible grounds on which she could maintain a defense that Thorne and Patterson had divorced. Thus, even viewing the evidence in the light most favorable to Berryman, as we must, there is nothing to contradict Thorne's evidence that he and Patterson had never divorced.[6]

6. In 1972, on the advice of an attorney, Mary and Edward Patterson signed an affidavit indicating their intent to live together as husband and wife. Berryman contends that the affidavit along with Mary and Edward Patterson's actions created a common-law marriage. Berryman's argument that a second marriage is presumed to be valid is inapplicable in this situation where Thorne produced evidence that Patterson's marriage to Thorne had never been dissolved, and therefore she was not legally free from her marriage to Thorne to enter into a valid common-law marriage with Edward Patterson. *See* D.C.Code § 30–101 (1993) ("The following marriages are prohibited in the District of Columbia and shall be absolutely void ab initio, without being so decreed ... (3) The marriage of any persons either of whom has been previously married and

Berryman also argues that summary judgment should not have been granted because Thorne was not entitled to judgment as a matter of law.[7] The trial court determined that Thorne, as the surviving spouse, was entitled to take his statutory share under D.C.Code § 19–113.[8] Berryman contends that even if Thorne and Patterson were never divorced, D.C.Code §§ 19–103,[9] –104[10] (1989), and the doctrine of unclean hands preclude Thorne from collecting his statutory share under § 19–113, and that the trial court failed to recognize these restrictions. Thorne argues that §§ 19–103 and –104 and the doctrine of unclean hands do not apply to a situation where a surviving spouse decides to take his or her statutory share under § 19–113.

■ As a matter of statutory construction, "a court 'will not look beyond the plain meaning of a statute when the language is unambiguous and does not produce an absurd result.'" *J. Frog, Ltd. v. Fleming,* 598 A.2d 735, 738 (D.C.1991) (quoting *Gibson v. Johnson,* 492 A.2d 574, 577 (D.C.1985)). An important rule of statutory construction "is that the intent of the legislature is to be found in the language which it has used." *James Parreco & Son v. District of Colum-*

*bia Rental Housing Comm'n,* 567 A.2d 43, 46 (D.C.1989). Readily disregarding the plain meaning of a statute creates a risk that the courts are exercising their own desires instead of those of the legislature. *Id.* (citing *Public Citizen v. United States Dep't of Justice,* 491 U.S. 440, 471, 109 S.Ct. 2558, 2575–76, 105 L.Ed.2d 377 (1989) (Kennedy, J., concurring)).

■ The sections quoted by Berryman do not apply directly to § 19–113. The first section cited, § 19–103, applies not to § 19–113 but to §§ 19–102, which incorporates the common law right of dower in the statutory scheme. Although the statute leaves dower open to a spouse where elected pursuant to D.C.Code § 19–113(d)—(e), nothing indicates that the legislature wished to incorporate the limitations on dower in § 19–103 into § 19–113. The other section, § 19–104, refers to transactions which take place during the life of the decedent and do not in any way affect the spouse's legal rights after the decedent's death.

We therefore decline Berryman's invitation to read §§ 19–103 and –104 as imposing restrictions on a surviving spouse's ability to

---

whose previous marriage has not been terminated by death or a decree of divorce."); *Robinson v. Evans,* 554 A.2d 332, 337 (D.C.1989) ("Whether the parties could be married depends ... on whether each was lawfully married to someone else at any time during their period of living together.").

7. Berryman's allegation that the trial court was biased and failed to read her pleadings and cases is unsupported by the transcript.

8. D.C.Code § 19–113 provides in part:

(a) [A] surviving spouse is ... barred on any statutory rights or interest he has in the real and personal estate of the deceased spouse or dower rights, as the case may be, unless, within six months after the will of the deceased spouse is admitted to probate, he files in the Probate Court a written renunciation to the following effect:

'I, [surviving husband of the] deceased, renounce and quit all claim to any devise or bequest made to me by the last will of my [wife] exhibited and proved according to law; and I elect to take in lieu thereof my legal share of the real and personal estate of my deceased spouse ...'

. . . .

(d) Where a decedent has not made a devise or bequest to the spouse, or nothing passes by a purported devise or bequest, the surviving spouse is entitled to his legal share of the real and personal estate of the deceased spouse without filing a written renunciation, but may, instead, elect to take dower as provided by subsection (b) of this section.

9. D.C.Code § 19–103 (1989) provides in part:

(a) A person who voluntarily abandons or deserts his or her spouse and lives with another person with whom he or she commits adultery, and who is convicted of the adultery by a court having jurisdiction, forfeits the right to dower, and is forever barred of an action to demand it.

10. D.C.Code § 19–104 (1989) provides:

The spouse of a person who is insane, and has been so adjudicated by a court of competent jurisdiction and the adjudication remains in force, or who has been absent or unheard of for seven years, may grant and convey by a separate deed, whether it is absolute or by way of lease or mortgage, as fully as if he were unmarried, any real property acquired by him since the adjudication or since the beginning of the absence.

elect to take under § 19–113. The language of the statute is not ambiguous and the plain meaning of the statute does not lead to absurd results. Had the legislature intended to place restrictions on a surviving spouse's ability to collect his or her statutory share the legislature was capable of adding those restrictions. However unjust the result in this case may seem to Berryman, her equitable argument would require this court to read into § 19–113 equitable conditions which are not expressed in the plain language of the statute.[11]

The trial court's order granting Thorne's motion for partial summary judgment and denying Berryman's cross-motion for summary judgment is hereby affirmed.

---

11. Because we do not restrict the surviving spouse's ability to take a statutory share under § 19–113, we need not address Berryman's arguments regarding the meaning of "conviction of adultery" in § 19–103 and of "seven year absence" in § 19–104, and whether the facts of record in this case would satisfy those terms.