Jon Williams JONES, Appellant,

v.

UNITED STATES, Appellee.

No. 11–CM–0131.

District of Columbia Court of Appeals.

Submitted Nov. 10, 2011.

Decided Dec. 1, 2011.

T. Gail Maddox–Levine, appointed by the court, was on the brief for appellant.

Ronald C. Machen Jr., United States Attorney, and Roy W. McLeese III, Jeffrey Cook, and Michelle D. Thomas, Assistant United States Attorneys, were on the brief for appellee.

Before FISHER and THOMPSON, Associate Judges, and SCHWELB, Senior Judge.

THOMPSON, Associate Judge:

Following a bench trial before the Honorable José López, appellant Jon Williams Jones was found guilty of failing to comply with the requirements of sex offender registration, in violation of D.C.Code § 22–4014 (2001).[1] In this appeal, appellant argues (1) that the government presented no evidence that he fell within the definition of a "sex offender" at the time of the charged offense and thus failed to prove that he remained subject to registration requirements; (2) that, in any event, the applicable registration period had ended; and (3) that even if he was required to comply with registration requirements, the evidence did not establish that he failed to do so "knowingly." We reject all three arguments, and we affirm the judgment of conviction.

## I.

At trial on the failure-to-register charge, the government presented documentary evidence and testimony showing the following: On November 20, 2006, appellant was convicted of misdemeanor sexual abuse in violation of D.C.Code § 22–3006. He was sentenced the same day to 180 days in prison, execution of sentence suspended as to all but 90 days, and three years of supervised probation. A "Certification of Sex Offender and Notice Order" issued by the court, which appellant signed, notified him of his classification as a "Class B Sexual Offender," "which carries a registration period of 10 years."

On January 8, 2007, appellant met with a CSOSA officer, Yolanda Stokes, and completed his initial sex offender registration. At that meeting, Ms. Stokes discussed with appellant the requirements that he report to CSOSA any changes in his residence, occupation, vehicle information, and appearance, and that he report in person annually to update his registration. Ms. Stokes also informed appellant that failure to comply could result in a fine or imprisonment. Appellant signed the regis-

---

1. Section 22–4014 provides in pertinent part that "[d]uring the registration period, a sex offender shall, in the time and manner specified by the Agency: (1) [r]egister with the Agency [i.e., the Court Services and Offender Supervision Agency ("CSOSA")] as a sex offender[,]" "(4) [p]eriodically verify address and such other registration information as the Agency may specify, including complying with any requirement to return address verifi- cation forms or appear in person for the purpose of verification[,]" and "(5) [r]eport if the sex offender is moving to another state, or works or attends school in another state, and register in any such state[ ]"; *see also* 6 DCMR A410.1 (d) and A411.2 (each providing, in pertinent part, that "[a] sex offender shall report to the Agency if the sex offender is moving to another state").

tration form, acknowledging that he understood the requirements.

Appellant had three subsequent meetings with another CSOSA sex offender registry specialist, Stephanie Gray, on May 14, 2007; August 23, 2007; and February 19, 2008. At the May 14, 2007 meeting, appellant provided Ms. Gray with his home address, vehicle information, and driver's license number, and she reminded him about his annual registration update. At the August 23, 2007 meeting, appellant reported that his address and phone number had changed. Again, Ms. Gray reminded appellant about his next annual registration update. At the February 19, 2008 meeting, appellant reported that he was homeless. Ms. Gray informed him that whenever he obtained a new address, he would have to come back to CSOSA to provide an update. Otherwise, she told him, he was required to report back to CSOSA within one year of the February 19, 2008 meeting. Appellant did not report to CSOSA again until December 9, 2010, when he informed the agency that he had moved to Maryland.

In the meantime, on April 3, 2008, appellant appeared for a show-cause hearing as to why his probation should not be revoked due to a violation of one of the conditions of his probation (specifically, the requirement that he have no unsupervised contact with minors). At that hearing, appellant's probation was revoked, and he was ordered to serve the final 90 days of his original 180–day sentence. Appellant was released unconditionally on or about June 21, 2008.

Appellant testified on his own behalf at trial, and claimed that neither the trial judge in the misdemeanor sex abuse case, nor his lawyer in that case, nor CSOSA representatives had informed him of the 10–year registration period. He also testified that he thought the probation revocation absolved him of any further sex-offender-registration obligations. On cross-examination, appellant acknowledged that after his probation was revoked, he lived in Maryland and wrote checks bearing a Salisbury, Maryland address.

The trial court credited Ms. Stokes's and Ms. Gray's accounts about the information they provided to appellant and discredited appellant's testimony that he believed he could discontinue registration after his probation was revoked. The court acknowledged that appellant was not provided with additional information about registration after his probation was revoked, but found that the lack of this additional notice was not a defense "in light of all the up front information" that appellant was given about the "necessity of continuing every year." The court also found that it was "clear that [appellant] understood" that he was to make updates of his registration information, since he previously "followed through on the instructions as required that whenever there was a change in his information, such as his address, within 72 hours he was supposed to register that information, and he did...."

## II.

■ ■ In this appeal, appellant asserts that the trial court "erred as a matter of law in holding that [he] was required to continue to report annually to CSOSA after his probation was revoked." For the reasons that follow, we disagree.[2]

---

**2.** Appellant's arguments on appeal raise issues of statutory interpretation, which we review *de novo*. *McNeely v. United States*, 874 A.2d 371, 387 (D.C.2005). "A cornerstone of statutory interpretation is the rule that a court 'will not look beyond the plain meaning of a statute when the language is unambiguous and does not produce an absurd result.'" *Id.* at 387 (quoting *J. Frog, Ltd. v. Fleming*, 598 A.2d 735, 738 (D.C.1991)). We also review *de*

## A.

■ Appellant contends that the government failed to prove beyond a reasonable doubt that, at the time of the charged failure to register, he was a "sex offender" within the meaning of D.C.Code § 22–4001(9) (2001). Thus, he asserts, the government did not sustain its burden of showing that he actually was required to comply with the registration requirements. As appellant correctly notes, to be a "sex offender" subject to the registration requirements and penalties for failure to register established under D.C.Code §§ 22–4014 and –4015, an individual must live, reside, work, or attend school in the District of Columbia. *See* D.C.Code § 22–4001(9)(A). Appellant asserts that the government presented no evidence that he "live[d], reside[d], work[ed], or attend[ed] school in the District of Columbia" as of February 19, 2009, the date by which he failed to renew his registration.

Appellant is correct that the government did not prove that he "live[d], reside[d], work[ed], or attend[ed] school in the District of Columbia" as of February 19, 2009; quite the contrary, the government elicited evidence that appellant resided in Maryland after he was released on or about June 21, 2008, and that he used a Salisbury, Maryland address.[3] However, the fact that appellant updated his information with CSOSA sex offender registry specialist Gray on February 19, 2008, warranted an inference that as of that date, he lived, worked or attended school in this jurisdiction and thus remained a "sex offender"

within the meaning of D.C.Code § 22–4001(9). Under D.C.Code § 22–4014(5) and 6 DCMR A410.1 (d), as a sex offender, appellant was required, before making a change in where he lived, to "[r]eport if [he was] moving to another state." But, as Judge López found, appellant did not report that he had moved to Maryland until December 9, 2010. That was a sufficient basis for the court to find that, as charged, appellant "failed to update his registration."

## B.

■ Appellant also contends that the period during which he was required to register ended when he was released unconditionally on June 21, 2008, after he had served the suspended portion of his sentence for misdemeanor sex abuse. This argument cannot be squared with D.C.Code § 22–4002, which prescribes the duration of the registration period and, as relevant here, provides:

> [T]he registration period shall start when a disposition described in § 22–4001(3)(A) occurs and continue until the expiration of any time being served on probation, parole, supervised release, conditional release, or convalescent leave, or 10 years after the sex offender is placed on probation, parole, supervised release, conditional release, or convalescent leave, or is unconditionally released from a correctional facility, prison, hospital or other place of confinement, *whichever is latest* [.]

*novo* claims of insufficiency of the evidence. *Wilson v. United States,* 995 A.2d 174, 188 (D.C.2010). We "review the evidence in the light most favorable to the government, giving full play to the right of the [finder of fact] to determine ... credibility, weigh the evidence, and draw justifiable inferences of fact, and drawing no distinction between direct and

circumstantial evidence." *Id.* (citation and internal quotation marks omitted).

3. And, in addition to the cross-examination testimony described above, the government elicited appellant's testimony that he "signed a lease ... for the year 2009" to live in the Lakeview Apartments, which the trial transcript suggests are located in Maryland.

D.C.Code § 22–4002(a) (italics added). On November 20, 2006, appellant was sentenced to serve a period of probation (to commence after a 90–day period of incarceration). "[Ten] years after" that plainly will come later than June 21, 2008, the date on which appellant was unconditionally released. Therefore, under the plain language of § 22–4002(a), appellant's registration period did not end upon his release, as he claims; rather, appellant was still within the registration period when he failed to update his registration information.

Appellant argues that because his probation was revoked, the ten-year registration period did not continue (but, he asserts, was somehow rendered "moot" by the court's issuance of a new Judgment and Commitment Order on April 8, 2008). However, there is no language in the statute that supports that interpretation. Under the terms of § 22–4002, the registration period commenced upon appellant's conviction of misdemeanor sexual abuse (which was the "disposition described in § 22–4001(3)(A)"). Section 22–4002 allows for the possibility that the registration period will end when the offender's probationary period *expires* (if that is the latest of the occurrences described in § 22–4002(a)), but the statute contains no language suggesting that the registration period ends when probation is *revoked.* Moreover, we agree with the government that appellant's interpretation would reward a sex offender for violating the terms of probation, by allowing him to escape the registration requirements early—an absurd result. *See Gilmore v. United States,* 699 A.2d 1130, 1132 (D.C.1997) (explaining that principles of statutory construction require interpreting the language of a statute to avoid absurdity).

Appellant premises an alternative argument on D.C.Code § 22–4015(b), which states that "[c]ompliance with the requirements of this chapter, including any re-quirements adopted by the Agency pursuant to this chapter, shall be a mandatory condition of probation, parole, supervised release and conditional release of any sex offender." Specifically, appellant argues that, per § 22–4015(b), sex offender registration is solely a "condition of probation," such that when his probation was revoked and he thereafter was released unconditionally (without probation), he could not have been subject to conditions of probation. Appellant's argument rests on flawed logic; the fact that registration is one of the mandatory conditions attendant to a sex offender's conditional release does not mean that registration is not also a requirement for a sex offender who has been released unconditionally.

## C.

D.C.Code § 22–4015(a) prescribes penalties for "knowingly violat[ing] any requirement of this chapter[.]" Appellant contends that, since the court in the misdemeanor sex abuse case did not remind him of the registration requirements when it revoked his probation, Judge López had an insufficient basis for finding that appellant knowingly failed to register after he had been released unconditionally. Appellant notes that at the conclusion of the probation revocation hearing, the court stated that "probation is revoked and that is how this matter will now end." He argues, as he claimed at trial, that as a result of that comment, he "thought that his former condition of annual reporting to CSOSA was . . . over."

Whether appellant knowingly failed to register is a question of fact, and we will overturn the trial court's factual findings only if they are "plainly wrong or without evidence to support them." D.C.Code § 17–305(a) (2011); *Mattete v. United States,* 902 A.2d 113, 115 (D.C.2006) (quoting *Mihas v. United States,* 618 A.2d 197, 200 (D.C.1992)). Despite the fact that the court did not provide appellant with addi-

tional notice of the registration requirements when it revoked his probation,[4] we cannot say that Judge López's factual finding that appellant knowingly failed to register was either plainly wrong or unsupported by evidence in the record. As Judge López found, appellant received notice of his registration obligations on several occasions—at initial sentencing for his misdemeanor sexual abuse conviction, and during four meetings with CSOSA representatives. At sentencing, appellant signed a copy of the order, which noted the 10-year registration period. In the meetings at CSOSA, staff reminded him of his annual-registration information-update obligations. Judge López found that it was not "credible that [appellant] simply thought that once the probation was revoked, then he had to discontinue the registration process[.]" We see no reason to disturb that factual finding.

Wherefore the judgment of conviction is

*Affirmed.*

4. Under D.C.Code § 22–4003(a) (2001), such notice is required upon a finding by the court that the defendant committed a "registration offense." Appellant's "registration offense" was his "offense under Chapter 30 of this title," D.C.Code § 22–4001(8)(D); specifically, his registration offense was misdemeanor sexual abuse, the offense of which he was convicted in 2006. *See* D.C.Code § 22–3006. Nothing in § 22–4003(a) specifically requires a renewed notice upon a finding that a sex offender violated a condition of his probation, as the court found on April 3, 2008.

On the other hand, D.C.Code § 22–4003(c)(1) provides that "[i]n any case where the Court orders the release of a sex offender into the community following a period of detention, incarceration, [or] confinement ...," it "shall ... provide the sex offender with a copy of the order required under subsection (a) of this section and require the sex offender to read and sign the copy of the order[.]"

Judge López considered whether the court's order at the conclusion of the probation revocation hearing (the order that appellant return to prison to serve out his full sentence of incarceration for misdemeanor sexual abuse, which incarceration was to be followed by "release ... into the community") triggered a requirement that, at that hearing, the court again notify appellant of the registration requirements. We agree with Judge López's conclusion that, in light of the repeated advice that appellant received about the registration requirements, the absence of such renotification was not a defense to the charge of failure to update his registration. *See* D.C.Code § 22–4003(d) (providing that "[t]he applicability of the requirements of this chapter to a person otherwise subject to this chapter does not depend on the Court's making a certification [that the defendant will be subject to registration for the period set forth in § 22–4002]").